# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Theodore Robert Carlson, Mike Buetow,
Gary Steven Richardson, Jr., and Joe
Rohrbach, individually on behalf of
themselves and all other Minnesota residents
and entities similarly situated,

Plaintiffs,

Civ. No. 07-3970 (RHK/JSM)
**MEMORANDUM OPINION
AND ORDER**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Gander Mountain Co., Bass Pro Shops, Inc.,
and Browning Arms Co.,

Defendants.

---

Vincent J. Esades, Troy J. Hutchinson, Heins Mills & Olson, P.L.C., Minneapolis, Minnesota, Ernest W. Grumbles III, Thomas J. Leach III, Merchant & Gould, Minneapolis, Minnesota, for Plaintiffs.

John D. Sear, Bowman and Brooke LLP, Minneapolis, Minnesota, Naikang Tsao, Michael D. Leffel, Theresa A. Andre, Bree Grossi Wilde, Foley & Lardner LLP, Madison, Wisconsin, for Defendant A.L.S. Enterprises, Inc.

William A. LeMire, Christopher D. Newkirk, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, Minnesota, for Defendant Cabela's, Inc.

Charles F. Webber, Elizabeth Shields Keating, Faegre & Benson LLP, Minneapolis, Minnesota, Dudley W. Von Holt, Robert J. Wagner, Thompson Coburn LLP, St. Louis, Missouri, for Defendant Gander Mountain Co.

Brian N. Johnson, Halleland Lewis Nilan & Johnson, Minneapolis, Minnesota, Omri E. Praiss, Bryce J. Bartlett, Husch & Eppenberger, LLC, St. Louis, Missouri, for Defendant Bass Pro Shops, Inc.

Karen H. Riebel, Elizabeth R. Odette, Lockridge Grindal Nauen P.L.L.P., Minneapolis, Minnesota, Andrew H. Stone, John A. Pearce, Jones Waldo Holbrook & McDonough, P.C., Salt Lake City, Utah, for Defendant Browning Arms Co.

---

## INTRODUCTION

This purported class action concerns hunting clothing manufactured and/or sold by Defendants A.L.S. Enterprises, Inc. ("ALS"), Cabela's, Inc. ("Cabela's"), Gander Mountain Co. ("Gander Mountain"), Bass Pro Shops, Inc. ("Bass Pro"), and Browning Arms Co. ("Browning Arms") (collectively, "Defendants").  Plaintiffs allege that Defendants have misrepresented that their clothing eliminates 100% of human odors and is capable of being "reactivated or regenerated in a household [clothes] dryer after the clothing has become saturated with odors."  (Compl. ¶ 2.)  Each Defendant has now moved to dismiss, arguing that Plaintiffs' claims have not been sufficiently pleaded under Federal Rule of Civil Procedure 9(b).[1]  For the reasons set forth below, the Court will grant Defendants' Motions.

## BACKGROUND

Because animals have an acute sense of smell, there is a large demand for odor-eliminating clothing in the hunting market.  (Compl. ¶ 21.)  ALS began selling odor-eliminating hunting clothing in 1992 under the brand name "Scent-Lok."  (Id. ¶ 1.)  ALS licenses the "Scent-Lok" brand to the other Defendants, who manufacture and sell their own "Scent-Lok" odor-eliminating clothing to consumers.  (Id.)

---

[1] Browning Arms' Motion is styled as a Motion for Joinder in ALS's Motion to Dismiss.

"Scent-Lok" clothing incorporates "activated carbon," a solid with the ability to adsorb volatile gas molecules, including those associated with human odor.  (Id. ¶¶ 23, 25.) Activated carbon quicky becomes "saturated" and can no longer adsorb additional molecules; when that occurs, it must be replaced or "reactivated" by application of high temperatures to cause "volatilization and release of adsorbed gas molecules."  (Id. ¶¶ 23, 36.)  According to Plaintiffs, Defendants have falsely represented that their odor-eliminating clothing is effective and can be "reactivated" upon saturation by using a standard household clothes dryer.  (Id. ¶ 2.)  Plaintiffs assert that through these misrepresentations Defendants have deceived "thousands of consumers into purchasing odor eliminating clothing" at costs far higher than consumers spend for regular hunting clothing.  (Id. ¶¶ 3, 27.)  Plaintiffs identify nine specific examples of purportedly misleading statements made by Defendants concerning the odor-eliminating capabilities of their products (id. ¶ 31), and seven specific examples concerning the products' ability to be regenerated (id. ¶ 32).

As a result of the purported deception, Plaintiffs assert in their Complaint that Defendants have violated the Minnesota Consumer Fraud Act (Count 1), the Minnesota Uniform Deceptive Trade Practices Act (Count 2), and the Minnesota Unlawful Trade Practices Act (Count 3).  Plaintiffs also allege a claim for civil conspiracy among the Defendants (Count 4).  All Defendants have now moved to dismiss under Federal Rule of

Civil Procedure 12(b)(6), arguing that Plaintiffs' Complaint fails to satisfy the pleading

requirements of Federal Rule of Civil Procedure 9(b).[2]

## STANDARD OF REVIEW

The recent Supreme Court case of <u>Bell Atlantic Co. v. Twombly</u>, __ U.S. __, 127 S.

Ct. 1955 (2007), sets forth the standard to be applied when evaluating a motion to dismiss

under Rule 12(b)(6).  To avoid dismissal, a complaint must include "enough facts to state a

claim to relief that is plausible on its face."  <u>Id.</u> at 1974.  Stated differently, a plaintiff must

plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which]

requires more than labels and conclusions, and [for which] a formulaic recitation of the

elements of a cause of action will not do."  <u>Id.</u> at 1964-65 (citation omitted).  Thus, a

complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish

some 'set of undisclosed facts' to support recovery."  <u>Id.</u> at 1968 (citation omitted).

Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across

the line from conceivable to plausible."  <u>Id.</u> at 1974.

When reviewing a motion to dismiss, the complaint must be liberally construed,

assuming the facts alleged therein as true and drawing all reasonable inferences from those

facts in the plaintiff's favor.  <u>Id.</u> at 1964-65.  A complaint should not be dismissed simply

---

[2] Browning Arms and Bass Pro also argue that Plaintiffs have incorrectly named them in the Complaint.  If Plaintiffs have indeed named the wrong corporate entities as Defendants, these "errors" (if any) can be corrected when Plaintiffs file an Amended Complaint (as discussed in more detail below).  Should Browning Arms and Bass Pro continue to believe that they have been improperly named as Defendants after Plaintiffs file their Amended Complaint, they can seek appropriate relief at that time.

because a court is doubtful that the plaintiff will be able to prove all of the factual

allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a

motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at

1965 (citation omitted).

In addition, the gravamen of Defendants' Motions here is that the Complaint fails to

satisfy the strictures of Federal Rule of Civil Procedure 9(b).[3]  Rule 9(b) requires "all

averments of fraud" to be pleaded with particularity.  "[C]onclusory allegations that a

defendant's conduct was fraudulent . . . are not sufficient to satisfy the rule."  BJC Health

Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).  The Rule

requires a plaintiff to plead the "circumstances constituting fraud, including such matters as

the time, place and contents of false representations, as well as the identity of the person

making the misrepresentation and what was obtained or given up thereby."  Id. (quoting Fed.

R. Civ. P. 9(b) and Abels v. Farmers Commodity Corp., 259 F.3d 910, 920 (8th Cir. 2001));

accord United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir.

2003) (complaint must identify the "who, what, where, when, and how" of alleged fraud).

### ANALYSIS

---

[3] Such a challenge "typically is packaged with a motion to dismiss" under Rule 12(b)(6), since Rule 9(b) does not expressly authorize a motion for its enforcement.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civ. 3d § 1300 (2004); accord Kia Motors Am., Inc. v. Autoworks Distrib., Civ. No. 06-156, 2006 WL 2943306, at *3 (D. Minn. Sept. 28, 2006) (Frank, J.).

Although all five Defendants have separately moved to dismiss, their arguments are substantially duplicative and boil down to two closely related contentions:  the fraud claims (Count 1 through 3 of the Complaint) fail to satisfy Rule 9(b) because they (1) lack sufficient detail about Defendants' alleged misrepresentations and (2) do not adequately distinguish between Defendants when describing the purportedly fraudulent conduct.  The Court agrees only with the latter argument.[4]

Defendants contend that Plaintiffs have failed to satisfy Rule 9(b) because they did not plead the "what," "when," and "how" of their fraud claims – that is, the exact dates on which Defendants' purported misrepresentations were made and where those misrepresentations were published.  (See ALS Mem. at 8 & n.1; Cabela's Mem. at 3-4.) The Court does not agree.  It is true that the Complaint identifies sixteen allegedly fraudulent statements made by Defendants without specifying precisely when or where those statements were made.  Yet, the Court does not believe that a complaint must be suffused with every minute detail of a misrepresentation in order for Rule 9(b) to be satisfied.  Indeed, one of the main purposes of Rule 9(b) is to "facilitate a defendant's ability to respond and to prepare a defense to charges of fraud."  Commercial Prop. Invs.,

---

[4] The Court notes, at the outset, that Rule 9(b) applies both to common-law fraud claims and statutory-fraud claims, like those asserted in Counts 1-3 here.  See, e.g., Masterson Pers., Inc. v. McClatchy Co., Civ. No. 05-1274, 2005 WL 3132349, at *4-5 (D. Minn. Nov. 22, 2005) (Kyle, J.) (applying Rule 9(b) to claims under Minnesota Consumer Fraud Act and Minnesota Uniform Deceptive Trade Practices Act); Tuttle v. Lorillard Tobacco Co., 118 F. Supp. 2d 954, 963 (D. Minn. 2000) (Magnuson, J.) (applying Rule 9(b) to claims under Minnesota Consumer Fraud Act, Minnesota Uniform Deceptive Trade Practices Act, and Minnesota Unlawful Trade Practices Act).

Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995).  Accordingly, as this Court

recently recognized in Axcan Scandipharm Inc. v. Ethex Corp., Civ. No. 07-2256, 2007 WL

3095367, at *2 (D. Minn. Oct. 19, 2007) (Kyle, J.), a complaint "need not state the exact

particulars of every alleged instance of" fraud in order to pass muster under Rule 9(b), as

long as it includes enough detail to inform the defendant of the factual "core" of the fraud

claims alleged against it.  Quality Inns, 61 F.3d at 646; see also Abels, 259 F.3d at 920

(noting that Rule 9(b)'s requirements must be read "in harmony with the principles of

notice pleading" under Rule 8); Ray v. Citigroup Global Mkts., Inc., No. 03 C 3157, 2003

WL 22757761, at *2 (N.D. Ill. Nov. 20, 2003) ("Rule 9(b) does not require surgical

precision"); 2 James Wm. Moore et al., Moore's Federal Practice, § 9.03[1][a] (3rd ed.

2007) ("not every alleged misrepresentation need appear in the pleadings").

      In the Court's view, the Complaint in this case contains enough particulars about the

"what, when, where, and how" of Defendants' purportedly fraudulent conduct to sufficiently

apprise Defendants of the nature of Plaintiffs' fraud claims and allow them to frame

responses thereto.  The Complaint informs Defendants that their purported

misrepresentations were made "in advertising, marketing and promotional materials, on

their websites, catalogs, on clothing tags, in packaging materials, in magazines and at point

of purchase displays."  (Compl. ¶ 30.)  Given that Plaintiffs have also pleaded the exact

statements published in these media that they believe to be fraudulent, this information

suffices to prevent Defendants from simply having to guess about the precise contours of

Plaintiffs' fraud claims.  See, e.g., Evangelical Lutheran Church in Am. Bd. of Pensions v.

Spherion Pac. Workforce LLC, Civ. No. 04-4791, 2005 WL 1041487, at *3 (D. Minn. May 4, 2005) (Montgomery, J.) (despite some of plaintiff's "general averments suffer[ing] from a lack of specific[ity]," complaint satisfied Rule 9(b) because, when taken as a whole, it "adequately put[] [the defendant] on notice of the particular instances of misrepresentation claimed by" plaintiff); Ray, 2003 WL 22757761, at *2-3 (complaint satisfied Rule 9(b) despite omitting some particulars of defendant's purported misrepresentations).  Similarly, Plaintiffs' allegation that Defendants' misrepresentations have occurred on an ongoing basis since they began selling "Scent-Lok" clothing is sufficient to apprise Defendants of the timing – the "when" – of their allegedly fraudulent statements; the Court does not believe that Plaintiffs were required to plead the exact dates on which Defendants' misrepresentations were made.  See Solvay Pharms., Inc. v. Global Pharms., 298 F. Supp. 2d 880, 885-86 (D. Minn. 2004) (Frank, J.) (allegation that defendants had been improperly marketing their products as "generic" versions of plaintiff's drugs on ongoing basis for past "several years" sufficient under Rule 9(b)).  And, if Defendants believe that any ambiguities exist concerning the "what, where, when, and how" of Plaintiffs' fraud claims, those ambiguities can be clarified during discovery.  See Ray, 2003 WL 22757761, at *3 (where complaint contained enough details to survive motion to dismiss under Rule 9(b), "any additional detail" concerning the nature of plaintiff's fraud claims could "be obtained via the discovery process").[5]

---

[5] ALS also argues that Plaintiffs have failed to plead that they actually relied on Defendants' purported misrepresentations.  (See ALS Mem. at 7.)  The law is clear, however, that reliance need

Plaintiffs' Complaint, however, falters on the "who" prong – that is, who was responsible for each of the alleged misrepresentations contained in the Complaint?  The Complaint is replete with assertions that simply lump together all of the Defendants.  (See, e.g., Compl. ¶ 30 ("Defendants have made the following specific misrepresentations . . . ."); id. ¶ 31 ("Defendants have made the following false, fraudulent and misleading claims . . . .").)  Defendants argue that this is not sufficient under Rule 9(b), because it renders it "impossible for [each Defendant] to conclude how much or which parts of the Complaint are leveled against it."  (Cabela's Mem. at 4.)  The Court agrees.

Where, as here, a case involves multiple defendants, "the complaint should inform each defendant of the nature of [its] alleged participation in the fraud."  Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 778 (7th Cir. 1994); accord Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); Weimer v. Int'l Flavors & Fragrances, Inc., 240 F.R.D. 431, 437 (N.D. Iowa 2007) ("[W]here a plaintiff's complaint accuses multiple defendants of participating in the scheme to defraud, the plaintiff must take care to identify which of them was responsible for the individual acts of fraud.").  Were it otherwise, a defendant could only guess which allegations in the complaint were pleaded against it, rendering it difficult (if not impossible) to adequately

---

not be pleaded in the complaint in order to adequately state a claim under the statutes at issue here. See, e.g., Bykov v. Radisson Hotels Int'l, Inc., Civ. No. 05-1280, 2006 WL 752942, at *5 (D. Minn. Mar. 22, 2006) (Montgomery, J.).  Whether Plaintiffs ultimately must *prove* reliance in order to succeed on their claims is a separate issue on which the Court need not opine at this juncture.

frame a response.  This is precisely the problem that Rule 9(b) was designed to remedy.
See Quality Inns, 61 F.3d at 644.

Plaintiffs point to their allegation that *each* Defendant misrepresented the odor-elimination capabilities of its clothing and the ability of the clothing to be regenerated in a clothes dryer.  (Mem. in Opp'n at 5 (citing Compl. ¶ 30 ("Each and every Defendant has individually and collectively made the . . . misrepresentations . . . .")).)  While this general allegation provides some notice of the "core of [Plaintiffs'] claims" against Defendants, Quality Inns, 61 F.3d at 646, Plaintiffs overlook the fact that the Complaint also contains sixteen specific examples of allegedly misleading statements that have not been attributed to any specific Defendant(s).  (See Compl. ¶¶ 31-32.)  It is unclear, therefore, whether Plaintiffs allege that all Defendants, some Defendants, or only one Defendant made each of those statements, and thus it is equally unclear what role each Defendant played in the purported fraud.  Put another way, "Plaintiff[s] certainly set[] forth numerous factual allegations in the . . . complaint; however, given [their] failure to differentiate between defendants, that numerosity actually hinders clarity and [Plaintiffs'] ability to provide each defendant with the notice required by Rule 9(b)."  Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1440 (M.D. Fla. 1998).

At bottom, the Complaint fails to apprise *each* Defendant of the specific misrepresentations relied upon in support of the fraud claims asserted against it.  Accordingly, Counts 1 through 3 of the Complaint fail to satisfy Rule 9(b) and must be dismissed.  See Axcan Scandipharm, 2007 WL 3095367, at *2.  The dismissal will be

without prejudice to Plaintiffs filing an Amended Complaint correcting this defect.  <u>See</u> 2

James Wm. Moore et al., <u>Moore's Federal Practice</u>, § 9.03[4] (3rd ed. 2007) (noting that

first dismissal for failure to satisfy Rule 9(b) should be without prejudice to re-pleading).

   Finally, as a result of the foregoing the Court concludes that Plaintiffs' lone

remaining claim – civil conspiracy (Count 4) – also must be dismissed.  "[A] civil

conspiracy claim is merely a vehicle for asserting vicarious or joint and several liability,"

and hence such a "claim" is dependent upon a valid underlying tort claim.  <u>Sick, Inc. v.</u>

<u>Motion Control Corp.</u>, Civ. No. 01-1496, 2003 WL 21448864, at *10 (D. Minn. June 19,

2003) (Tunheim, J.) (citations omitted); <u>accord</u> <u>Stephenson v. Deutsche Bank AG</u>, 282 F.

Supp. 2d 1032, 1070 (D. Minn. 2003) (Kyle, J.).  Because the underlying tort claims here

(Counts 1 through 3) are subject to dismissal under Rule 9(b), the conspiracy claim must

also be dismissed.[6]

<b>CONCLUSION</b>

   Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that Defendants' Motions to Dismiss (Doc. Nos. 40, 45, 46, 51, and 53) are

**GRANTED** and Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITHOUT**

---

[6] This conclusion is not inconsistent with <u>Stephenson</u>, in which the Court noted that a civil-conspiracy claim need not be pleaded with particularity under Rule 9(b).  282 F. Supp. 2d at 1070.  In dismissing the civil-conspiracy claim here, the Court is not suggesting otherwise.  Rather, the conspiracy claim is subject to dismissal because the Court has dismissed the underlying tort claims on which that claim is predicated, and in the absence of a viable tort claim no conspiracy claim may lie.  <u>Cf.</u> <u>id.</u> at 1070 (declining to dismiss civil-conspiracy claim where such claim was predicated on viable (and well-pleaded) common-law fraud claim).

**PREJUDICE**.  Plaintiffs may file an Amended Complaint correcting the deficiencies

outlined above within 20 days of the date of this Order.[7]

Dated: January 18 , 2008                               s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge

---

[7] Any claims asserted in an Amended Complaint must be "warranted by existing law" and any factual contentions therein must either have evidentiary support or be likely to have such support after discovery.  Fed. R. Civ. P. 11(b)(2), (4).  Furthermore, the Court reminds Plaintiffs that although they must plead their claims with particularity in an Amended Complaint, Fed. R. Civ. P. 9(b), that does not grant them license to make such a pleading prolix or unnecessarily lengthy.  See Fed. R. Civ. P. 8(a)(2) (complaint should include a "short and plain statement of the claim showing that the pleader is entitled to relief"); Abels, 259 F.3d at 920 (Rule 9(b)'s requirements must be read "in harmony with the principles of notice pleading" under Rule 8).