UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mike Buetow, Gary Steven Richardson, Jr.,
Joe Rohrbach, Jeff Brosi, and Dennis Deeb,
individually on behalf of themselves and all
other Minnesota residents and entities
similarly situated,

                Plaintiffs,

                                      Civ. No. 07-3970 (RHK/JJK)
                                      **MEMORANDUM OPINION**
                                      **AND ORDER**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Cabela's Wholesale, Inc., and
Gander Mountain Co.,

                Defendants.

---

Renae D. Steiner, Rachel L. B. Stoering, Heines Mills & Olson, PLC, Minneapolis, Minnesota, Ernest W. Grumbles, III, Thomas J. Leach, III, Merchant & Gould, Minneapolis Minnesota, for Plaintiffs.

Naikang Tsao, Foley & Lardner LLP, Madison, Wisconsin, John D. Sear, Bowman and Brooke LLP, Minneapolis, Minnesota, for Defendants.

---

## INTRODUCTION

This lawsuit concerns hunting clothing manufactured and/or sold by Defendants A.L.S. Enterprises, Inc. ("ALS"), Cabela's, Inc. and Cabela's Wholesale (referred to jointly as "Cabela's"), and Gander Mountain Co. ("Gander Mountain") (collectively,

"Defendants"). Plaintiffs[1] allege that Defendants have misrepresented that their clothing eliminates human odor and is capable of being "reactivated or regenerated in a household [clothes] dryer after the clothing has become saturated with odors." (Sec. Am. Compl. ("Compl.") ¶ 2.) Plaintiffs now move to certify this case as a class action under Federal Rule of Civil Procedure 23. For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

Because animals have an acute sense of smell, there is a demand for odor-eliminating clothing in the hunting market. (Id. ¶¶ 23-24.) ALS began selling odor-eliminating hunting clothing in 1992 under the brand name "Scent-Lok." (Id. ¶ 1.) It licenses the "Scent-Lok" brand to other retailers, including the remaining Defendants, who manufacture and sell their own "Scent-Lok" odor-eliminating clothing to consumers. (Id.)

Scent-Lok clothing incorporates "activated carbon," a solid with the ability to adsorb volatile gas molecules, including those associated with human odor. (Id. ¶¶ 24, 25.) Plaintiffs assert that activated carbon "quickly becomes saturated" and can no longer adsorb additional molecules; when that occurs, it must be replaced or "reactivated" by the application of high temperatures to cause "volatilization and [the] release of adsorbed gas molecules." (Id. ¶¶ 25, 46.) According to Plaintiffs, Defendants have falsely represented that their odor-eliminating clothing is effective and can be "reactivated" upon saturation

---

[1] The named Plaintiffs are Mike Buetow, Gary Steven Richardson, Jr., Joe Rohrbach, Jeff Brosi, and Dennis Deeb. (Compl. ¶¶ 12-16.)

by using a standard household clothes dryer.  (Id. ¶ 2.)  Plaintiffs further assert that through these misrepresentations, Defendants have caused "thousands of consumers [to purchase] odor eliminating clothing" at costs far higher than consumers spend on regular hunting clothing.  (Id. ¶¶ 3-4.)

Plaintiffs seek to represent a class consisting of "[a]ll individuals and entities in the State of Minnesota who between January 1, 1992 and the present purchased, not for resale, odor eliminating clothing manufactured, sold or licensed by Defendant ALS."  (Id. ¶ 76.)  Plaintiffs assert that Defendants have violated the Minnesota Consumer Fraud Act (Claim 1), the Minnesota Uniform Deceptive Trade Practices Act (Claim 2), and the Minnesota Unlawful Trade Practices Act (Claim 3).  (Id. ¶¶ 86-114.)

## STANDARD OF REVIEW

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.  The Court may certify a class action "only when it is satisfied after rigorous analysis that all of Rule 23's prerequisites are met."  Lockwood Motors, Inc. v. Gen. Motors Corp., 162 F.R.D. 569, 573 (D. Minn. 1995) (Kyle, J.) (internal quotation marks and citation omitted).  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to the prerequisites of Rule 23(a), the movant must demonstrate that a class action can be maintained under one of the three categories set forth in Rule 23(b).

A party seeking class certification bears the burden of establishing that it has satisfied each of Rule 23's requirements. Lockwood, 162 F.R.D. at 573. Although a court may not decide the merits of the case at the class-certification stage, see Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974), a motion for class certification "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978) (emphasis, internal quotation marks, and citation omitted). The Court ultimately retains broad discretion in determining whether to certify a class under Rule 23. Gilbert v. City of Little Rock, Ark., 722 F.2d 1390, 1399 (8th Cir. 1983).

## ANALYSIS

Assuming, without deciding, that Plaintiffs have satisfied the requirements of Rule 23(a), the Court finds that certification is inappropriate as Plaintiffs cannot satisfy the requirements the Rule 23(b).

A party seeking class certification must satisfy one of the requirements of Rule 23(b). Plaintiffs claim they have satisfied Rule 23(b)(3), which requires: (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P.

23(b)(3).  In this case, common questions of law or fact do not predominate over individualized questions, and therefore, the Court will not certify the class.

The predominance requirement of Rule 23(b)(3) is "demanding."  In re The Hartford Sales Practices Litig., 192 F.R.D. 592, 604 (D. Minn. 1999) (Kyle, J.) (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 624 (1997)).  However, "[t]here are no bright lines for determining whether common questions predominate."  In re Workers' Comp., 130 F.R.D. 99, 108 (D. Minn. 1990) (Rosenbaum, J.).  Instead, considering the facts of the case, a claim will meet the predominance requirement when generalized evidence proves or disproves the elements of the claim on a class-wide basis, because "[s]uch proof obviates the need to examine each class member's individual position."  Id.

In the instant action, Plaintiffs allege that the Defendants orchestrated a uniform, deceptive marketing campaign, and therefore, common issues of fact and law will predominate.  While Plaintiffs are correct that the issues of falsity and fraudulent intent may be subject to class-wide proof, the issues of reliance, damages, and the tolling of the statute of limitations require individualized inquiry.

### A.     Reliance

"[A] district court must perform sufficient analysis to determine that class members' fraud claims are not predicated on proving individual reliance."  Unger v. Amedisys, Inc., 401 F.3d 316, 321 (5th Cir. 2005).  In fact, this Court has previously held that when the element of reliance must be proven on an individualized basis, common issues do not predominate.  See Hartford, 192 F.R.D. at 605 ("[I]t would be virtually

5

impossible -- and certainly impracticable -- to resolve on a class-wide basis questions of individual reliance on the part of class members.").

In Group Health Plan, Inc. v. Philip Morris, Inc., the Minnesota Supreme Court held that for statutory consumer-fraud actions, plaintiffs need not produce direct evidence of reliance, but instead may satisfy their burden through proof of a "causal nexus." 621 N.W.2d 2, 13-14 (Minn. 2001). This causal nexus "may be established by . . . direct or circumstantial evidence that the district court determines is relevant and probative as to the relationship between the claimed damages and the alleged prohibited conduct." Id. at 14. However, the Court noted that where "plaintiffs allege that their damages were caused by deceptive, misleading, or fraudulent statements[,] . . . it is not possible that the damages could be caused by a violation without reliance on the statements." Id. at 13. Accordingly, proof of reliance is required to recover under the Minnesota consumer fraud statutes. Id. at 13-14.

Plaintiffs assert that they will be able to establish a "causal nexus" with generalized, class-wide proof.[2] However, even if Plaintiffs can establish a causal nexus, the Defendants retain the right to present "direct evidence that . . . individual plaintiff[s]

---

[2] Immediately prior to oral argument on this Motion, Plaintiffs submitted to the Court the report of Hal Poret, a survey expert currently serving as Vice President of Guideline. Poret opines that based upon his survey analysis, a majority of hunters purchasing odor-eliminating clothing relied on Defendants' representations in making their purchases. During oral argument, Plaintiffs conceded that the report was untimely. Plaintiffs also asserted that the report was not intended to be a part of the class certification record, but nevertheless referenced the report during oral argument. Upon review of the report, the Court finds that even if it were part of the class certification record, it would not alter the Court's analysis. As described in detail below, the Defendants have established a basis to challenge the reliance of individual plaintiffs. Such inquiry renders class certification inappropriate.

. . . did not rely on representations from [the Defendants]." In re St. Jude Med., Inc., 522 F.3d 836, 840 (8th Cir. 2008). In St. Jude, several patients implanted with an allegedly defective heart valve moved to certify a class of similarly situated individuals claiming violation of the Minnesota consumer fraud statutes – the very statutes at issue here. Id. at 837. In reversing the district court's order certifying a class, the Eighth Circuit noted that actions alleging consumer fraud "often are unsuitable for class treatment" because "proof often varies among individuals concerning what representations were received, and the degree to which individual persons relied on the representations." Id. at 838. Accordingly, the court determined that class certification was improper because the issue of "[w]hether the information on which physicians based their actions ultimately can be traced to a representation by St. Jude undoubtedly will vary by individual physician." Id. at 839.

The logic of St. Jude applies with equal force here. While all the named Plaintiffs claim to have relied upon statements from the Defendants in making their purchases, the named Plaintiffs also relied on a variety of other materials and recommendations. For example, Plaintiff Brosi's brother-in-law and a friend both recommended odor-eliminating clothing to him. (Brosi Dep. Tr. 22-23, 25-26, 84-85.) Plaintiffs Deeb and Richardson discussed odor-eliminating clothing with in-store sales personnel prior to making their purchases. (Deeb Dep. Tr. 36-38; Richardson Dep. Tr. at 31.) To be sure, class members are likely to have received differing representations from the sales personnel employed at the numerous stores where they purchased their odor-eliminating clothing. As a result, the Defendants have the right to present evidence at trial "negating

a plaintiff's direct or circumstantial showing of causation and reliance." St. Jude, 522 F.3d at 840. Because the Defendants will present this evidence, "it is clear that resolution of [the Defendants'] potential liability to each plaintiff under the consumer fraud statutes will be dominated by individual issues of causation and reliance." Id.; see also Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 191-92 (3d Cir. 2001) ("[A]ctual injury cannot be presumed, and defendants have the right to raise individual defenses against each class member.").[3]

### B. Damages

The Minnesota consumer-fraud statutes allow relief in the form of actual, out-of-pocket damages or other equitable remedies. Minn. Stat. § 8.31. However, equitable remedies are not available unless actual damages are inadequate. Ponzo v. Affordable Homes of Rochester, LLC, No. A04-2234, 2005 WL 1804644, at *6 (Minn. Ct. App. 2005) ("[E]quitable relief is only available when damages at law are inadequate.").

Out-of-pocket damages are calculated in Minnesota by determining the difference between the value of the property and the price paid. Id. at *7. Therefore, determining damages in this case will require individualized inquiries into the price paid by each class

---

[3] The Second Circuit has recently addressed the issue of class certification in a case presenting facts similar to those presented here. McLaughlin v. Am. Tobacco Co., 522 F.3d 215 (2d Cir. 2008). In McLaughlin, a group of smokers allegedly deceived by defendants' marketing were certified as a class by the district court. Id. at 220. Like in the present action, all named plaintiffs had been exposed to the Defendants' large-scale advertising campaign, which presented a uniform message that "Lights" cigarettes were healthier than "full flavored" cigarettes. Id. at 223. Nevertheless, the Court held that the issue of reliance presented an individualized question preventing class certification because individual smokers may have purchased "Lights" cigarettes for reasons outside of those wrongfully advertised by the defendants. Id.

8

member and the value of their clothing in the absence of odor-eliminating properties.[4]
The fact that damages will need to be assessed on an individualized basis does not, in and of itself, require the denial of a class certification motion. However, "the need for detailed and individual factual inquiries concerning the appropriate remedy . . . still weighs strongly against class certification." St. Jude, 522 F.3d at 840.

### C.     Statute of Limitations

The Defendants' statute of limitations defense also requires individualized inquiry. The claims presented in this case are governed by a six-year statute of limitations. Minn. Stat. § 541.05, subd. 1(2). "This provision does not include a discovery allowance as does the statute of limitations applicable to [common law] fraud claims." Klehr v. A.O. Smith Corp., 875 F. Supp. 1342, 1352 (D. Minn. 1995) (Davis, J.)  Therefore, the limitations period commences on the date of sale. Id. at 1352-53. Because the proposed class period in this case runs from January 1, 1992, through the present, the claims of numerous class members will be time-barred. To apply this defense here, individualized proof will be needed with regard to when class members purchased their odor-eliminating clothing. See Barnes v. Am. Tobacco Co., 161 F.3d 127, 149 (3d Cir. 1998)

---

[4] Plaintiffs argue that actual damages are inadequate and full restitution of the purchase price is required because "the class did not need or want mere hunting clothes," but instead wanted odor-eliminating and reactivating clothing. (Reply Mem. at 15.) However, Plaintiffs provide no factual support for this assertion. Presumably, many class members may have wanted this clothing for other reasons in addition to those pertaining to odor-elimination, such as warmth, appearance, and water-proofing. Plaintiffs also argue that no individual proof is necessary for out-of-pocket damages because "the resulting remedy is [the] return of the complete purchase price." (Mem. in Supp. at 30.)  The Court fails to see the merit of this argument because as described above, this clothing would likely have value outside of its odor-eliminating capabilities. Moreover, individual inquires would still be needed to determine purchase prices.

("[D]etermining whether each class member's claim is barred by the statute of limitations raises individual issues that prevent class certification.").

Plaintiffs claim that all class-member claims are equitably tolled under the doctrine of fraudulent concealment. (Reply Mem. at 15-16.) In Holstad v. Southwestern Porcelain, Inc., the Minnesota Court of Appeals addressed the issue of fraudulent concealment and its effect on the applicable statute of limitations:

> A defendant fraudulently conceals a cause of action if it knows its representations are false or makes representations with reckless disregard for the truth. Fraudulent concealment, if it occurs, will toll the running of the statute of limitations until discovery or reasonable opportunity for discovery of the cause of action by the exercise of due diligence.

421 N.W.2d 371, 374 (Minn. Ct. App. 1988) (citations omitted). However, in order for Plaintiffs to invoke equitable tolling, individualized proof is required. To prove fraudulent concealment, "a plaintiff must show not only that the defendant concealed the facts of the fraud but also must show that the plaintiff was 'actually unaware that the [fraud] existed.'" In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig., No. 99-MD-1309, 2002 WL 1023150, at *3 (D. Minn. May 17, 2002) (Magnuson, J.) (quoting Hydra-Mac, Inc. v. Onan Corp., 450 N.W.2d 913, 918 (Minn. 1990)). Therefore, "any inquiry into fraudulent concealment is the sort of individualized inquiry that is inappropriate in a class action." Id.; accord Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 342 (4th Cir. 1998).

**CONCLUSION**

Class certification is appropriate only when the "proposed [class is] sufficiently cohesive to warrant adjudication by representation." Sonmore v. CheckRite Recovery Servs., Inc., 206 F.R.D. 257, 264 (D. Minn. 2001) (Alsop, J.) (internal quotation marks and citation omitted). In this case, Plaintiffs have failed to satisfy their burden of showing that common issues of fact or law will predominate. Class certification, therefore, is inappropriate. Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for Class Certification (Doc. No. 151) is **DENIED.**[5]

Dated: August 6, 2009                                             s/Richard H. Kyle
                                                                        RICHARD H. KYLE
                                                                        United States District Judge

---

[5] After the instant Motion was taken under advisement, the Judicial Panel on Multidistrict Litigation ordered that this case be coordinated and consolidated with several related cases transferred to this Court pursuant to 28 U.S.C. § 1407. Accordingly, the Court will address the class-certification motions in those related cases at some later date. While such motions will each be given individual consideration, the Court notes that the predominance concerns preventing certification in the present action will likely be present in the subsequent motions for class certification in the related cases.