UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mike Buetow, Gary Steven Richardson, Jr.,
Joe Rohrbach, Jeff Brosi, and Dennis Deeb,
individually on behalf of themselves and all
other Minnesota residents and entities
similarly situated,

                Plaintiffs,

                                              Civ. No. 07-3970 (RHK/JJK)
                                              **ORDER**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Cabela's Wholesale, Inc., and
Gander Mountain Co.,

                Defendants.

---

Renae D. Steiner, Rachel L. B. Stoering, Heins Mills & Olson, PLC, Minneapolis, Minnesota, Ernest W. Grumbles, III, Thomas J. Leach, III, Merchant & Gould, Minneapolis, Minnesota, for Plaintiffs.

Naikang Tsao, Foley & Lardner LLP, Madison, Wisconsin, John D. Sear, Bowman and Brooke LLP, Minneapolis, Minnesota, for Defendants.

---

      This matter is before the Court pursuant to Plaintiffs' letter request (attached) to file a Motion for Reconsideration of the Court's August 6, 2009, Order denying class certification. For the reasons set forth below, the Court will deny the request.

      This lawsuit concerns hunting clothing manufactured and/or sold by Defendants A.L.S. Enterprises, Inc. ("ALS"), Cabela's, Inc. and Cabela's Wholesale (referred to jointly as "Cabela's"), and Gander Mountain Co. ("Gander Mountain") (collectively,

"Defendants"). Plaintiffs[1] allege that Defendants have misrepresented that their clothing eliminates human odor and is capable of being "reactivated or regenerated in a household [clothes] dryer after the clothing has become saturated with odors." (Sec. Am. Compl. ("Compl.") ¶ 2.) Plaintiffs moved to certify this case as a class action under Federal Rule of Civil Procedure 23(b)(3), which requires that common questions of law or fact "predominate over any questions affecting only individual members." The Court denied the Motion, finding that common questions of law or fact would not predominate over individualized questions.

Pursuant to District of Minnesota Local Rule 7.1(g), Plaintiffs now request leave to file a Motion for Reconsideration of the Court's Order, insofar as it declined to certify a class for injunctive relief. However, Plaintiffs did not move to certify an <u>injunctive</u> class under Federal Rule of Civil Procedure 23(b)(2). Indeed, the entirety of Plaintiffs' submissions to this Court centered on the requirements of Rule 23(b)(3). The Court will not permit Plaintiffs to use a motion for reconsideration as a vehicle to assert a new basis for class certification which could have, and should have, been asserted prior to the Court's ruling.[2]

---

[1] The named Plaintiffs are Mike Buetow, Gary Steven Richardson, Jr., Joe Rohrbach, Jeff Brosi, and Dennis Deeb. (Compl. ¶¶ 12-16.)

[2] Plaintiffs' counsel made three passing references to injunctive relief prior to the Court's issuance of the Order denying class certification; one in the Reply Memorandum and the others at oral argument. However, arguments raised for the first time in a Reply Memorandum will not be addressed. <u>Berbig v. Sears Roebuck & Co.</u>, 568 F. Supp. 2d 1033, 1040 n.10 (D. Minn. 2008) (Kyle, J.); <u>see also</u> Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must . . . state with particularity the grounds for seeking the order.").

In addition, after the Motion for Class Certification was taken under advisement, Plaintiffs expressed their desire to end the class period to correspond with Defendants' changed advertising. Specifically, Plaintiffs informed the Court that "some Defendants have now changed their advertising on the 'odor elimination' claim and have revised their explanation of what 'reactivation' does to the garment." (Joint Submission on Agenda Items for July 28, 2009, Status Conference.) Given the changed advertising and Plaintiffs' desire to close the class period, it appears that injunctive relief is no longer appropriate as a potential remedy.

Motions for reconsideration are to be granted "only upon a showing of compelling circumstances," D. Minn. L.R. 7.1(g) – namely, "to correct manifest errors of law or fact or to present newly discovered evidence." Mumid v. Abraham Lincoln High Sch., Civ. No. 05-2176, 2008 WL 2938159, at *3 (D. Minn. July 22, 2008) (Schiltz, J.) (internal quotation marks and citation omitted). Such circumstances are not present here. Accordingly, **IT IS ORDERED** that Plaintiffs' request to file a Motion for Reconsideration is **DENIED**.

Dated: August 24, 2009                              s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge