UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mike Buetow, Gary Steven Richardson, Jr.,
Joe Rohrbach, Jeff Brosi, and Dennis Deeb,
individually on behalf of themselves and all
other Minnesota residents and entities
similarly situated,

                    Plaintiffs,

                                                    Civ. No. 07-3970 (RHK/JJK)
                                                    **ORDER**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Cabela's Wholesale, Inc., and
Gander Mountain Co.,

                    Defendants.

---

Renae D. Steiner, Rachel L. B. Stoering, Heins Mills & Olson, PLC, Minneapolis, Minnesota, Ernest W. Grumbles, III, Thomas J. Leach, III, Merchant & Gould, Minneapolis, Minnesota, for Plaintiffs.

Naikang Tsao, Foley & Lardner LLP, Madison, Wisconsin, John D. Sear, Bowman and Brooke LLP, Minneapolis, Minnesota, for Defendants.

---

       This matter is before the Court pursuant to Defendants' letter request (Doc. No. 337) to file a motion for reconsideration of the Court's May 13, 2010 Order granting in part and denying in part Plaintiffs' Motion for Summary Judgment. For the reasons set forth below, the Court will deny the request.

       This lawsuit concerns hunting clothing manufactured and/or sold by Defendants A.L.S. Enterprises, Inc., Cabela's, Inc., Cabela's Wholesale, Inc., and Gander Mountain

Co. (collectively, "Defendants").  Plaintiffs[1] allege that Defendants have misrepresented that their clothing eliminates human odor and is capable of being "reactivated or regenerated in a household [clothes] dryer after the clothing has become saturated with odors."  (Sec. Am. Compl. ¶ 2.)  Plaintiffs moved for summary judgment on the issue of the literal falsity of Defendants' advertising.  The Court granted the Motion in part, finding several of Defendants' advertisements to be literally false, warranting injunctive relief.

Pursuant to District of Minnesota Local Rule 7.1(h), Defendants now request leave to file a motion for reconsideration of the Court's Order, insofar as it held that Plaintiffs are entitled to injunctive relief if the literal falsity of Defendants' advertising is established.  Defendants contend that Plaintiffs are not entitled to injunctive relief unless they also demonstrate injury.  However, this question of law was put before the Court in the underlying Motion and resolved in the concomitant Memorandum Opinion and Order.  The Court will not permit Defendants to utilize a motion for reconsideration as a vehicle to reargue the merits of the underlying Motion.

In addition, Defendants contend that the Court erred when it held that the scientific testing performed on Defendants' products establishes that such products cannot "eliminate" odor.  Such an assertion is disingenuous given that Defendants did not assert in the underlying Motion that their products were in fact capable of "eliminating" odor; rather, they asserted that the word "eliminate" does not denote "100% removal."  (Def.

---

[1] The named Plaintiffs are Mike Buetow, Gary Steven Richardson, Jr., Joe Rohrbach, Jeff Brosi, and Dennis Deeb.

Mem. in Opp'n at 16.) Moreover, no study cited by Defendants demonstrates that their products "eliminate" odor. Even the Milliken study referenced in Defendants' letter request found that carbon-embedded clothing adsorbs "99 to a hundred percent" of odor, not one hundred percent, all of the time. (Id. at 8-9.)

Motions for reconsideration are to be granted "only upon a showing of compelling circumstances," D. Minn. L.R. 7.1(h) – namely, "to correct manifest errors of law or fact or to present newly discovered evidence." Mumid v. Abraham Lincoln High Sch., Civ. No. 05-2176, 2008 WL 2938159, at *3 (D. Minn. July 22, 2008) (Schiltz, J.) (internal quotation marks and citation omitted). Such circumstances are not present here. Accordingly, **IT IS ORDERED** that Defendants' request to file a motion for reconsideration is **DENIED**.

Dated: May 21, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge