# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Mike Buetow, Gary Steven Richardson, Jr.,
Joe Rohrbach, Jeff Brosi, and Dennis Deeb,
individually on behalf of themselves and all
other Minnesota residents and entities
similarly situated,

                Plaintiffs,

                                          Civ. No. 07-3970 (RHK/JJK)
                                          **INJUNCTION**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Cabela's Wholesale, Inc., and
Gander Mountain Co.,

                Defendants.

---

On May 13, 2010, the Court issued an Order granting in part and denying in part Plaintiffs' Motion for Summary Judgment (Doc. No. 335). In that Order, the Court found several of Defendants' advertisements to be literally false, holding permanent injunctive relief to be appropriate under the Minnesota Consumer Fraud Act and the Minnesota Unlawful Trade Practices Act. Pursuant to the Court's Order, Plaintiffs have filed and served a proposed Order Regarding Injunctive Relief and Defendants have submitted objections thereto.

As discussed in more detail in the Court's Order, Defendants have published numerous advertisements promoting their carbon-embedded clothing. Almost all of these advertisements utilize the slogans "odor-eliminating technology" or "odor-eliminating

clothing." Many utilize phrases such as "eliminates all types of odor" and "odor elimination," or assert that the clothing can eliminate "100% of your scent" or "all human odor," thus making the wearer "scent-free." Some advertisements utilize graphics indicating that odor cannot escape carbon-embedded fabric. Additionally, Defendants have published advertisements stating that their carbon-embedded clothing can be reactivated to "like new" or "pristine" condition.

Plaintiffs' and Defendants' experts agree that carbon-embedded clothing cannot eliminate odor. The experts also agree that carbon-embedded clothing, once saturated with odor, cannot be reactivated to "like new" or "pristine" condition. Accordingly, Defendants' advertising described above and set forth in detail in the Court's Order is literally false as a matter of law.

Based on the foregoing, and all the files, records, and proceedings herein, it is

**ORDERED** that:

1. Defendants A.L.S. Enterprises, Inc., Cabela's, Inc., Cabela's Wholesale, Inc., and Gander Mountain Co., or anyone that advertises on their behalf at any Defendant's direction and within any Defendant's control,[1] are enjoined from publishing in Minnesota any advertisement that reasonably may be viewed by customers, including, but not limited to, print (including product packaging, accessories packaging (such as sprays, socks, or other accessories that include the slogans "odor-eliminating technology" or "odor-eliminating clothing"), catalogs, point-of-

---

[1] To the extent that Defendants' advertisements are now distributed to third parties and are therefore outside Defendants' control, the underlying Injunction does not apply.

sale (including banners and display cases) or sales training materials, logos, hangtags, graphics, clothing tags, and sewn-in labels), television, video, radio, or internet advertising that contains the following language:

    a.    Any statement or claim, whether in words or pictures, that carbon-embedded clothing is odor-eliminating technology, an odor-eliminating product, or that it can eliminate odor, or can make the wearer of the product or the air coming from the wearer "scent free", "odor free", or otherwise quantify any odor reduction as complete or removed in its entirety;[2] or

    b.    Any statement or claim, whether in words or pictures, that carbon-embedded clothing can be reactivated or regenerated to "like new" or "pristine" condition or otherwise represent that all odor can be removed from the product.

2.    Defendants shall remove depictions from websites (including but not limited to www.scentlok.com, www.scentlokscience.com, www.gandermountain.com, and www.cabelas.com), and physically from retail stores, all advertising, including clothing, hangtags, accessories (sprays, tote bags and washes), logo wear (hats, shirts, etc.), decals, license plates, posters, banners, display cases, and other similar items that contain the words or phrases prohibited in paragraphs 1(a) or 1(b) above.

---

[2] Several of Defendants' advertisements use the slogans "odor-eliminating technology" or "odor-eliminating clothing," but further qualify this language with words or phrases indicating that carbon-embedded clothing cannot eliminate odor. These advertisements were not found by the Court to be literally false. The Court notes that qualifying language must be clear and conspicuous in order to prevent advertisements containing prohibited language from running afoul of this Injunction.

3.	Defendants shall fully comply with this Injunction on or before July 30, 2010, and file with the Court a sworn statement, titled "Proof of Compliance," signed by an officer of each Defendant and its attorney, stating that all materials (written, electronic, video, sound) and products containing the false advertising have been removed from commerce. Such Proof of Compliance shall detail the steps taken by the Defendants to assure that their false advertising is no longer in commerce.

Dated: June 17, 2010	s/Richard H. Kyle
	RICHARD H. KYLE
	United States District Judge