UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mike Buetow, Gary Steven Richardson, Jr.,
Joe Rohrbach, Jeff Brosi, and Dennis Deeb,
individually on behalf of themselves and all
other Minnesota residents and entities
similarly situated,

                      Plaintiffs,

                                                          Civ. No. 07-3970 (RHK/JJK)
                                                          **ORDER**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Cabela's Wholesale, Inc., and
Gander Mountain Company,

                      Defendants.

---

        This matter is before the Court *sua sponte*.

        On June 24, 2010, following the Court's entry of a Permanent Injunction enjoining Defendants from continuing certain advertising, Plaintiffs filed under Local Rule 54.3 a Notice of Intent to Claim an Award of Attorneys' Fees (Doc. No. 357) and asked the Court to set a briefing schedule on their fee request. Defendants have filed a Response (Doc. No. 360) to Plaintiffs' Notice, asserting that no fee award is appropriate. They argue that under this Court's Local Rules, fees may be awarded only after "entry of judgment." "Because there has been no entry of judgment in this case, and because Defendants' appeal of the [Court's] injunction . . . is currently pending in the Eighth

Circuit, there is no basis for Plaintiffs to seek an award of attorney fees at this time." (Response at 1.) The Court disagrees.

It is true that the Court's Local Rules preclude a fee award until a "judgment" has been entered. D. Minn. LR 54.3(b). But a "judgment" is any "decree [or] order from which an appeal lies." Fed. R. Civ. P. 54(a). Interlocutory orders "granting, continuing, modifying, refusing, or dissolving injunctions," such as the Permanent Injunction entered in this case, are immediately appealable. 28 U.S.C. § 1292(a)(1); Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988) ("Section 1292(a)(1) . . . provide[s] appellate jurisdiction over orders that grant or deny injunctions."); FDIC v. Bell, 106 F.3d 258, 262 (8th Cir. 1997) (same).[1] Indeed, Defendants clearly recognize that the Permanent Injunction was appealable, *as they appealed it to the Eighth Circuit*. (Doc. No. 347.) Moreover, the Permanent Injunction was set forth in a separate document and entered on the docket, and thus it complied with Federal Rule of Civil Procedure 58's formalities for "[e]ntering judgment." Simply put, the prerequisite "entry of judgment" for an award of attorneys' fees under the Court's Local Rules has occurred.

Moreover, Defendants are incorrect that their appeal precludes this Court from entertaining Plaintiffs' fee request. A notice of appeal "divests the district court of jurisdiction of those aspects of the case involved in the appeal." Harmon v. United States ex rel. Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996) (internal quotation

---

[1] The Permanent Injunction is an "interlocutory" order because it did not "finally determine [this] cause of action but only decide[d] some intervening matter pertaining to the cause." Tonkoff v. Synoground (In re Merle's Inc.), 481 F.2d 1016, 1018 (9th Cir. 1973) (*per curiam*); accord Black's Law Dictionary 815 (6th ed. 1990) (defining "interlocutory" as "[s]omething intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision *of the whole controversy*") (emphasis added).

marks and citations omitted). No attorneys' fees have yet been awarded in this case, and hence that issue is not before the Eighth Circuit. "[W]here the issue of attorney fees is not before the court of appeals, . . . the district court may consider it." Id.; accord, e.g. Fed. R. Civ. P. 54 advisory committee's note (1993 Amendments) (district court "may rule on [a] claim for fees" even if "an appeal on the merits . . . is taken"). And Plaintiffs cannot have awaited the appellate court's decision on Defendants' appeal before requesting fees, as they were required to file such a request, at the latest, within 30 days of entry of the Permanent Injunction. See D. Minn. LR 54.3(b).

For these reasons, the Court rejects the arguments in Defendants' Response and determines that it is appropriate to proceed to the question of attorneys' fees at this juncture. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the following briefing schedule shall apply to Plaintiffs' fee request:

1. Plaintiffs shall serve and file a Memorandum in support of their request, together with all supporting documents, on or before August 10, 2010;

2. Defendants shall serve and file a Memorandum in opposition to the request, together with all supporting documents, on or before August 31, 2010; and

3. Plaintiffs may serve and file a Reply Memorandum, if any, together with all supporting documents, on or before September 7, 2010.

Dated: July 1, 2010                                   s/Richard H. Kyle
                                                                  RICHARD H. KYLE
                                                                  United States District Judge