UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mike Buetow, Gary Steven Richardson, Jr.,
Joe Rohrbach, Jeff Brosi, and Dennis Deeb,
individually on behalf of themselves and all
other Minnesota residents and entities
similarly situated,

                Plaintiffs,

                                  Civ. No. 07-3970 (RHK/JJK)
                                  **ORDER**

v.

A.L.S. Enterprises, Inc., Cabela's Inc.,
Cabela's Wholesale, Inc., and
Gander Mountain Company,

                Defendants.

---

       This matter is before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (Doc. No. 373). For the reasons set forth below, the Motion will be held in abeyance pending disposition of Defendants' appeal.

       The Order giving rise to Plaintiffs' Motion was the Court's May 13, 2010 Order (Doc. No. 335) granting in part and denying in part Defendants' Motions for Summary Judgment; familiarity with that Order is assumed. Pursuant to the Order, on June 17, 2010, the Court issued an Injunction enjoining certain of Defendants' advertising (Doc. No. 346). Defendants appealed both the summary-judgment Order and the Injunction to the Eight Circuit. (See Doc. No. 347.) That appeal remains pending.

Meanwhile, Plaintiffs filed a notice of intent to seek attorneys' fees and costs, pursuant to Local Rule 54.3(b)(2), and later filed the instant Motion seeking an award of approximately $4.3 million.  Defendants have filed numerous objections to the request, disputing Plaintiffs' entitlement to fees and, alternatively, disputing the amount of fees requested.  The matter has been fully (and extensively) briefed.

The Court has reviewed the parties' submissions and concludes that an award of fees and costs is appropriate under the Minnesota Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a.  Given the pendency of Defendants' appeal, however, the Court believes that the better course here is to hold the pending Motion in abeyance.  It is beyond peradventure that the Court "possesses the authority to hold [a] motion in abeyance if resolution of a pending [appeal] will . . . make currently disputed issues moot."  Rice v. Astrue, No. 4:06-cv-2770, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (citations omitted).  Courts routinely hold in abeyance applications for attorneys' fees pending appeal, see, e.g., Siddle v. Crants, No. 3:09-0175, 2010 WL 3491195, at *1-2 (M.D. Tenn. Sept. 2, 2010); RLS Assocs., LLC v. United Bank of Kuwait PLC, No. 01 Civ. 1290, 2003 WL 22801918, at *1-2 (S.D.N.Y. Nov. 24, 2003); Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of P.R., 81 F. Supp. 2d 331, 333 (D.P.R. 2000), particularly when reversal would undermine the very basis for a fee award.  See, e.g., State of N.Y. v. Microsoft Corp., No. Civ. A. 98-1233, 2003 WL 299440, at *2 (D.D.C. Jan. 15, 2003) (adjudicating fee request would "risk a waste of judicial resources" if appeal were successful and "result[ed] in a reversal of the finding of liability").  Similarly, the advisory committee's notes to the Court's Local Rules indicate that it may

be appropriate to "delay[] the fee consideration until after an appeal is determined," in the interests of "promot[ing] justice and efficiency."  D. Minn. LR 54.3 1991 advisory committee's note.

Here, a fee award flows, if at all, from the Court's summary-judgment Order, which Defendants are challenging on appeal.  Hence, if Defendants succeed before the Eighth Circuit, no fee award would be appropriate.  Moreover, the amount of the fees sought is substantial, and the objections to them are many.  Resolution of those objections will require significant effort by the Court, which would be wasted in the event of reversal.  For these reasons, the Court determines that it would be in the interests of "justice and efficiency" to hold the fee Motion in abeyance until Defendants' appeal is decided.

Nevertheless, the Court has preliminarily reviewed Defendants' objections to the requested fees and believes that most of them lack merit.  While the Court has not finally resolved the objections, its "first take" suggests that an award <u>well in excess</u> of $1 million is appropriate, if Defendants' appeal were rejected.  Because the Court is informed that the parties have engaged in some settlement discussions, it takes this opportunity to advise Defendants of its initial view of Plaintiffs' Motion, in the hope that this information facilitates further discourse between the parties.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (Doc. No. 373) will be **HELD IN ABEYANCE** pending resolution of Defendants' appeal.  For the same reasons, taxation of costs and Defendants' Objection to Plaintiffs' Bill of Costs

(Doc. No. 371) also will be **HELD IN ABEYANCE** pending resolution of Defendants' appeal.

Dated: September 22, 2010                s/Richard H. Kyle
                                         RICHARD H. KYLE
                                         United States District Judge