# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

In re:

Activated Carbon-Based Hunting
Clothing Marketing and Sales Practices
Litigation

THIS DOCUMENT RELATES TO:

Buetow, *et al.* v. A.L.S. Enterprises, Inc., *et al*., Civ. No. 07-3970 (RHK/JJK)

Multidistrict Litigation
No. 09-md-2059 (RHK/JJK)

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
# MOTION TO DISMISS FOR LACK OF PUBLIC BENEFIT UNDER
# PRIVATE ATTORNEY GENERAL STATUTE

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

FACTUAL BACKGROUND ................................................................................................. 1

    A.    District Court Proceeding ........................................................................... 1

    B.    Court of Appeals' Decision ........................................................................ 2

    C.    Proceeding On Remand ............................................................................. 3

ARGUMENT ....................................................................................................................... 4

I.    IN ORDER TO MAINTAIN AN ACTION UNDER THE PRIVATE AG STATUTE,
    PLAINTIFFS MUST DEMONSTRATE THAT THE ACTION BENEFITS THE PUBLIC ..................... 4

    A.    The MCFA And MUTPA Are Enforceable Only Through The Private AG
        Statute ....................................................................................................... 4

    B.    The Private AG Statute's Public Benefit Requirement ............................. 4

II.    BASED ON THE EIGHTH CIRCUIT'S DECISION, PLAINTIFFS CANNOT DEMONSTRATE
    THAT THIS ACTION BENEFITS THE PUBLIC, AND DISMISSAL OF THE ACTION
    IS REQUIRED ...................................................................................................... 8

    A.    Plaintiffs' Pursuit Of An Attorney Fee Award Under The
        Private AG Statute Does Not Benefit The Public ..................................... 8

    B.    An Examination Of The Relief Sought By Plaintiffs And The
        Form Of The Alleged Misrepresentations Shows That There Is
        No Public Benefit ................................................................................... 10

        1.    Relief sought by Plaintiffs ........................................................ 10

        2.    Form of the alleged misrepresentations ................................... 13

III.    PLAINTIFFS' ATTEMPT TO DELAY THE RESOLUTION OF DEFENDANTS' MOTION TO
    DISMISS BASED ON *CURTIS* SHOULD BE REJECTED .......................................... 15

    A.    *Curtis v. Altria Group, Inc.* .................................................................. 15

    B.    *Curtis* Is Distinguishable ....................................................................... 16

CONCLUSION ................................................................................................................. 18

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Beck v. Sunrise Senior Living Mgmt.*,
   Civ. No. 080-28, 2008 WL 3412096 (D. Minn. Aug. 8, 2008) (Davis, C.J.) .......... 7, 12

*Behrens v. United Vaccines, Inc.*,
   228 F. Supp. 2d 965 (D. Minn. 2002) (Erickson, M.J.) ........................................... 7, 12

*Berczyk v. Emerson Tool Co.*,
   291 F. Supp. 2d 1004 (D. Minn. 2003) (Erickson, M.J.) ........................................ 7, 12

*Buetow v. A.L.S. Enters., Inc.*,
   259 F.R.D. 187 (D. Minn. 2009) (Kyle, J.) ..................................................................... 1

*Buetow v. A.L.S. Enters., Inc.*,
   713 F. Supp. 2d 832 (D. Minn. 2010) (Kyle, J.) ..................................................... 2, 13

*Buetow v. A.L.S. Enters., Inc.*,
   650 F.3d 1178 (8th Cir. 2011) ............................................................................ *passim*

*Buetow v. Robinson Outdoors, Inc.*,
   Case No. 10-cv-2584-RHK-JJK (D. Minn.) (Kyle, J.) .................................................. 8

*Davis v. U.S. Bancorp*,
   383 F.3d 761 (8th Cir. 2004) ...................................................................................... 17

*Evangelical Lutheran Church in Am. Bd. of Pensions v. Spherion Pac. Workforce
   LLC*, Civ. No. 04-4791, 2005 WL 1041487 (D. Minn. May 4, 2005)
   (Montgomery, J.) ................................................................................................. 12, 16

*In re National Arb. Forum Trade Practices Litig.*,
   704 F. Supp. 2d 832 (D. Minn. 2010) (Magnuson, J.) ................................................ 16

*Kalmes Farms, Inc. v. J-Star Indus., Inc.*,
   Civ. No. 02-1141, 2004 WL 114976 (D. Minn. Jan. 16, 2004) (Frank, J.) ............. 7, 12

*Med. Graphics Corp. v. SensorMedics Corp.*,
   872 F. Supp. 643 (D. Minn. 1994) (Kyle, J.) .............................................................. 14

*Moallin v. Cangemi*, 427 F. Supp. 2d 908 (D. Minn. 2006) (Rosenbaum, C.J.) .............. 16

*Overen v. Hasbro, Inc.*,
   Civ. No. 07-1430, 2007 WL 2695792 (D. Minn. Sept. 12, 2007) (Kyle, J.) ....... *passim*

*PCS Prof'l Claim Serv., LLC v. Brambilla's Inc.*,
  Civ. No. 06-4540, 2007 WL 3313661 (D. Minn. Nov. 6, 2007) (Frank, J.) ........... 7, 12

*Pecarina v. Tokai Corp.*,
  Civ. No. 01-1655, 2002 WL 1023153 (D. Minn. May 20, 2002)
  (Montgomery, J.)....................................................................................... 7, 12

*Schaaf v. Residential Funding Corp.*,
  Civ. No. 05-1319, 2006 WL 2506974 (D. Minn. Aug. 29, 2006) (Ericksen, J.)..... 7, 12

*Schaaf v. Residential Funding Corp.*,
  517 F.3d 544 (8th Cir. 2008) ................................................................... 4, 9

*United Indus. Corp. v. Clorox Co.*,
  140 F.3d 1175 (8th Cir. 1998) ...................................................................... 15

*Wehner v. Linvatech Corp.*,
  Civ. No. 06-1709, 2008 WL 495525 (D. Minn. Feb. 20, 2008) (Rosenbaum, J.)... 7, 12

*Zutz v. Case Corp.*,
  Civ. No. 02-1776, 2003 WL 22848943 (D. Minn. Nov. 21, 2003)
  (Magnuson, J.)..................................................................................... 7, 10, 12

STATE CASES

*Anderson-Johanningmeier v. Mid-Minn. Women's Ctr., Inc.*,
  637 N.W.2d 270 (Minn. 2002)......................................................................... 5

*B.F. Goodrich Co. v. Mesabi Tire Co.*,
  430 N.W.2d 180 (Minn. 1982)......................................................................... 8

*Collins v. Minn. Sch. Of Bus., Inc.*,
  636 N.W.2d 816 (Minn. Ct. App. 2001) ...................................................... 6

*Collins v. Minn. Sch. of Bus., Inc.*,
  655 N.W.2d 320 (Minn. 2003).................................................................. 6, 11

*Curtis v. Altria Group, Inc.*,
  792 N.W.2d 836 (Minn. Ct. App. 2010), *review granted*, No. A10-0215
  (Minn. Mar. 15, 2011)......................................................................... 15, 16

*Group Health Plan, Inc. v. Philip Morris Inc.*,
  621 N.W.2d 2 (Minn. 2001).................................................................... 3, 4

*Humphrey v. McLaren*, 402 N.W.2d 535 (Minn. 1987) ................................... 10

*Ly v. Nystrom*,
  615 N.W.2d 302 (Minn. 2000)............................................................ *passim*

*Wiegand v. Walser Auto. Groups, Inc.*,
  683 N.W.2d 807 (Minn. 2004)................................................................ 3, 9

**STATE STATUTES**

Minn. Stat. § 8.31, subd. 3a ............................................................. 1, 4

Defendants A.L.S. Enterprises, Inc. ("ALS"), Cabela's Incorporated, Cabela's Wholesale, Inc., and Gander Mountain Company, by and through their attorneys, submit this memorandum of law in support of their motion to dismiss.  Based on the Eighth Circuit's August 18, 2011 decision, Plaintiffs cannot meet the "public benefit" requirement necessary to maintain a suit under the Private Attorney General Statute ("Private AG Statute"), Minn. Stat. § 8.31, subd. 3a.  Plaintiffs' only remaining claims are for damages, and "such damages do not serve a public benefit, but simply provide an exclusive remedy for Plaintiff[s]."  *Overen v. Hasbro, Inc.*, Civ. No. 07-1430, 2007 WL 2695792, at *3 (D. Minn. Sept. 12, 2007) (Kyle, J.).  Therefore, this action should be dismissed.

## FACTUAL BACKGROUND

### A.    District Court Proceeding

On September 13, 2007, Plaintiffs filed this proposed class action, alleging that Defendants had falsely represented that carbon hunting clothing is effective at "eliminating odors" and can be "reactivated" in a dryer.  Plaintiffs asserted claims under the Minnesota Consumer Fraud Act ("MCFA"), the Minnesota Uniform Deceptive Trade Practices Act ("MDTPA"), and the Minnesota Unlawful Trade Practices Act ("MUTPA").  (Second Am. Compl. ¶¶ 86-114 (Doc. No. 136).)

On August 6, 2009, this Court denied Plaintiffs' motion for class certification. *See Buetow v. A.L.S. Enters.*, *Inc.*, 259 F.R.D. 187 (D. Minn. 2009).

On May 13, 2010, this Court issued its Memorandum Opinion and Order regarding the parties' cross-motions for summary judgment, holding that:  (a) unqualified

ad references to "eliminate"—including references to "scent-free," "odor-free" and

"100%"—to describe the extent of odor adsorption were literally false; (b) ad references

claiming that carbon clothing can be "reactivated" were not literally false, but ads

claiming that reactivation will make the clothing "like new" or "pristine" were literally

false; and (c) Plaintiffs' MDTPA claim was subject to dismissal.  *See Buetow v. A.L.S.*

*Enters.*, *Inc.*, 713 F. Supp. 2d 832 (D. Minn. 2010).

This Court then issued a permanent Injunction enjoining Defendants from using

the ad statements found to be literally false.

Defendants appealed the Injunction, and the portions of the Memorandum Opinion

and Order on which it was based.  Plaintiffs did not file a cross-appeal, seeking review of

this Court's holding that "reactivation" (on its own) was not literally false, or the

dismissal of the MDTPA claim.

**B.     Court of Appeals' Decision**

On August 18, 2011, the Eighth Circuit issued its decision, reversing the May 13,

2010 Memorandum Opinion and Order, vacating the Injunction, and remanding the case

for further proceedings.  *Buetow v. A.L.S. Enters.*, *Inc.*, 650 F.3d 1178, 1187 (8th Cir.

2011).

With respect to literal falsity, the Eighth Circuit noted that:

> In this case, the summary judgment record is crowded with
> various ads published by Defendants between 1994 and late
> 2006 containing a variety of claims that the carbon activated
> garments "eliminate" odor and can be "reactivated" in an
> ordinary household dryer. . . .
>
> Here, we conclude it was error to enjoin all uses of the term
> "odor eliminating" as literally false.  It may be that some of

> Defendants' ads over the course of this twelve-year period so exaggerated the basic claim as to be literally false, rather than nonactionable "puffery," such as claims that the garments work on "100% of your scent 100% of the time," render the wearer "completely scent-free," or "create an impervious shield to odor." But it is unclear the extent to which these ads were ever published, whether they have long since been discontinued, and whether consumers were deceived.

*Buetow*, 650 F.3d at 1186-87.

Based on this analysis, the Eighth Circuit held:

> Plaintiffs failed to prove . . . their core allegations that Defendants' use of the terms "odor eliminating" and "reactivation" were literally false. As in *Avis*, 782 F.2d at 386, we direct the district court to enter an order dismissing with prejudice all claims for equitable relief.

*Id.* at 1187.

With respect to Plaintiffs' individual claims for damages, the Eighth Circuit noted:

> we remand for a determination of those claims applying the standards prescribed by the Supreme Court of Minnesota in *Wiegand v. Walser Auto. Groups, Inc.*, 683 N.W.2d 807, 811-13 (Minn. 2004); *Group Health*, 621 N.W.2d at 13-15; and *Ly v. Nystrom*, 615 N.W.2d 302, 313-14 (Minn. 2000).

*Id.*

## C.     Proceeding On Remand

On September 26, 2011, this Court issued an Order, permitting Defendants to file a Motion to Dismiss addressing whether the *Ly v. Nystrom* public benefit requirement for maintaining suit under the Private AG Statute continued to be met in view of the Eighth Circuit's decision. (Doc. No. 404.)

**ARGUMENT**

I.   IN ORDER TO MAINTAIN AN ACTION UNDER THE PRIVATE AG STATUTE,
     PLAINTIFFS MUST DEMONSTRATE THAT THE ACTION BENEFITS THE PUBLIC

   A.   **The MCFA And MUTPA Are Enforceable Only Through
        The Private AG Statute**

Neither of the asserted Minnesota statutes provide for a private cause of action.

*Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 6 (Minn. 2001).  Under the

Private AG Statute, however, "any person injured by a violation" of the laws entrusted to

the Minnesota Attorney General to investigate and enforce—including the MCFA and

MUTPA—may file suit and "recover damages, together with costs and disbursements,

including . . . reasonable attorney's fees, and receive other equitable relief as determined

by the court."  Minn. Stat. § 8.31, subd. 3a.  As the Eighth Circuit explained:

> The "substantive statutes define the prohibited conduct," but
> "it is [the Private AG Statute,] Minn. Stat. § 8.31, subd. 3a,
> that authorizes private actions for violation of these . . .
> statutes.'"  *Group Health*, 621 N.W.2d at 5, 8.  As the text of
> § 8.31, subd. 3a makes clear, this statutory cause of action is
> limited to persons "injured *by* a violation."  *Id.* at 13; *Schaaf
> v. Residential Funding Corp.*, 517 F.3d 544, 550 (8th Cir.
> 2008).

*Buetow*, 650 F.3d at 1184 (emphasis in original).

   B.   **The Private AG Statute's Public Benefit Requirement**

In *Ly v. Nystrom*, the Minnesota Supreme Court ruled that:

> Since the Private AG Statute grants private citizens the right
> to act as a "private" attorney general, the role and duties of
> the attorney general with respect to enforcing the fraudulent
> business practices laws must define the limits of the private
> claimant under the statute. . . . [T]he sweep of the statute can
> be no broader than the source of its authority—that of the

4

> attorney general—whose duties are to protect *public* rights in
> the interest of the state.

615 N.W.2d at 313 (emphasis in original).  Thus, "the Private AG Statute applies only to

those claimants who demonstrate that their cause of action benefits the public."  *Id.* at

314.

In reaching this holding, the *Ly* court explained that the Private AG Statute was

adopted to provide "a *reward* to private parties for uncovering and *bringing to a halt*

unfair, deceptive and fraudulent business practices, functions that, to that point, had been

the responsibility of the attorney general."  *Id.* at 313 (emphasis added).  As further

support for its holding that public benefit "must be demonstrated to state a claim under

the Private AG Statute[,]" the *Ly* court noted that:

> [T]he legislature could not have intended to sweep every
> private dispute based on fraud . . . into a statute where
> attorney fees and additional costs and expenses would be
> awarded, because to do so would substantially alter a
> fundamental principle of law deeply ingrained in our common
> law jurisprudence—that each party bears his own attorney
> fees in the absence of a statutory or contractual exception.

615 N.W.2d at 314 (citations omitted).  Thus, the "holding [in *Ly*] . . . limited the scope

of the private AG statute from 'any person' injured by a violation of certain laws to those

'who demonstrate that their cause of action benefits the public.'"  *Anderson-*

*Johanningmeier v. Mid-Minn. Women's Ctr., Inc.*, 637 N.W.2d 270, 277 (Minn. 2002).

Applying this analysis, the *Ly* court ruled that the buyer of a restaurant who sought

only damages in his action against the seller could not demonstrate a public benefit under

the Private AG Statute.  615 N.W.2d at 314.  Even though the fraudulent

misrepresentations by the seller "evinc[ed] reprehensible conduct," "[a] successful

prosecution of [the buyer's] fraud claim does not advance state interests and enforcement has no public benefit, and is not a claim that could be considered to be within the duties and responsibilities of the attorney general to investigate *and enjoin*."  *Ly*, 615 N.W.2d at 314 (emphasis added).

The Minnesota Supreme Court also considered the public benefit requirement in *Collins v. Minnesota School of Business, Inc.*, 655 N.W.2d 320 (Minn. 2003).  In *Collins*, a group of students sued their school for damages arising from their enrollment in a "Sports Medicine Technician" program, alleging that a television advertisement promoting the program, and a Career Opportunities sheet that listed jobs that did not exist, were false and misleading.  *Id.* at 322-23.  After the students uncovered the wrongful conduct and sued, the parties settled the case, and the students sought an award of attorney fees under the Private AG Statute.  The trial court denied attorney fees on the ground that the students' claims did not benefit the public.  *Id.* at 321.  The students appealed, and the Court of Appeals reversed, holding that the students were entitled to attorney fees because, "[b]ut for appellants' lawsuit, an indefinite class of potential consumers might have been injured in the same manner as were appellants."  *Collins v. Minn. Sch. Of Bus.*, *Inc.*, 636 N.W.2d 816, 821 (Minn. Ct. App. 2001).  The Minnesota Supreme Court affirmed, holding that the students' "successful prosecution of their claims benefited the public and therefore [they] are entitled to reasonable attorney fees." *Collins*, 655 N.W.2d at 330.

Applying *Ly* and *Collins*, many courts have recognized that "[t]o determine whether a lawsuit is brought for the public benefit the Court must examine not only the

form of the alleged misrepresentation, but also the relief sought by the plaintiff." *Zutz v. Case Corp.*, Civ. No. 02-1776, 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003) (Magnuson, J.). "[W]here recovery is sought for the exclusive benefit of the plaintiff, there is no public benefit." *Overen*, 2007 WL 2695792, at *3 (citing *Zutz*). Thus, if a successful suit will result in at most monetary payments to private individuals and there is no public benefit, a Private AG Statute suit cannot be maintained. *Id.*; *see also Beck v. Sunrise Senior Living Mgmt., Inc.*, Civ. No. 080-28, 2008 WL 3412096, at *2 (D. Minn. Aug. 8, 2008) (Davis, C.J.); *Wehner v. Linvatech Corp.*, Civ. No. 06-1709, 2008 WL 495525, at *3 (D. Minn. Feb. 20, 2008) (Rosenbaum, J.); *PCS Prof'l Claim Serv., LLC v. Brambilla's Inc.*, Civ. No. 06-4540, 2007 WL 3313661, at *6-*7 (D. Minn. Nov. 6, 2007) (Frank, J.); *Schaaf v. Residential Funding Corp.*, Civ. No. 05-1319, 2006 WL 2506974, at *16 (D. Minn. Aug. 29, 2006) (Ericksen, J.), *aff'd*, 517 F.3d 544 (8th Cir. 2008); *Evangelical Lutheran Church in Am. Bd. of Pensions v. Spherion Pac. Workforce LLC*, Civ. No. 04-4791, 2005 WL 1041487, at *3-*4 (D. Minn. May 4, 2005) (Montgomery, J.); *Kalmes Farms, Inc. v. J-Star Indus., Inc.*, Civ. No. 02-1141, 2004 WL 114976, at *6 (D. Minn. Jan. 16, 2004) (Frank, J.); *Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1019-20 (D. Minn. 2003) (Erickson, M.J.); *Zutz*, 2003 WL 22848943, at *4; *Behrens v. United Vaccines, Inc.*, 228 F. Supp. 2d 965, 970-72 (D. Minn. 2002) (Erickson, M.J.); *Pecarina v. Tokai Corp.*, Civ. No. 01-1655, 2002 WL 1023153, at *5 (D. Minn. May 20, 2002) (Montgomery, J.).

**II.**   **BASED ON THE EIGHTH CIRCUIT'S DECISION, PLAINTIFFS CANNOT DEMONSTRATE THAT THIS ACTION BENEFITS THE PUBLIC, AND DISMISSAL OF THE ACTION IS REQUIRED**

### A.   Plaintiffs' Pursuit Of An Attorney Fee Award Under The Private AG Statute Does Not Benefit The Public

The five Plaintiffs' total purchases of Scent-Lok® carbon hunting clothing[1] range from *tens*[2] to *hundreds* of dollars, and their damages claims relating to those purchases are, at most, a *fraction* of those already minuscule amounts.[3]   Plaintiffs acknowledge that the "costs of trial will greatly exceed any damages recovery."  (Doc. No. 398 at 2.)

So the question arises:

> Having had "their core allegations that Defendants' use of the terms 'odor eliminating' and 'reactivation' were literally false" rejected as a matter of law,[4] and having had their claims for equitable relief dismissed with prejudice,[5] and having had their damages claims narrowed to only the

---

[1]   Three of the Plaintiffs filed a separate action against Robinson Outdoors, the manufacturer of Scentblocker® carbon hunting clothing, which was settled.  *See Buetow v. Robinson Outdoors, Inc.*, Civ. No. 10-2584 (D. Minn.) (Kyle, J.) (Doc. Nos. 1, 3.)  As a result, Plaintiffs have represented that they are no longer pursuing any claims with respect to Robinson Scentblocker® products in this action.

[2]   Plaintiff Rohrbach alleges he bought a Scent-Lok® face mask; Plaintiff Buetow alleges he bought Scent-Lok® gloves and a hat.

[3]   Damages are measured by "out-of-pocket" loss, *i.e.*, "the difference between the actual value of the property received and the price paid for the property."  *B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 (Minn. 1982).  Here, the difference between:  (a) the value of carbon hunting clothing that "'blocked' ninety-six to ninety-nine percent of odor compounds" (*Buetow*, 650 F.3d at 1186); and (b) the price paid for carbon hunting clothing that Plaintiffs allegedly believed would block one-hundred percent of odors, is zero, or close to it.

[4]   *Buetow*, 650 F.3d at 1187.

[5]   *Id.*

specific ads they reviewed and relied upon (as opposed to
their pick of any ad Defendants ever published),[6] why would
Plaintiffs and their counsel continue to pour time and money
into this action, knowing full well that the cost of doing so
would "greatly exceed" the damages that Plaintiffs would be
entitled to recover?

The only rational answer is that Plaintiffs are gambling that, if they were permitted to

proceed to trial and were to prevail, they would be entitled to recover some portion of

their attorney fees under the Private AG Statute.[7]  As things stand now, Plaintiffs have no

such prospect.  (*See* Sept. 22, 2010 Order at 2-3 (Doc. No. 387) (staying consideration of

Plaintiffs' $4.3 million attorney fees request, which was based on the May 13, 2010

Memorandum Opinion and Order, because, "if Defendants succeed before the Eighth

Circuit, no fee award would be appropriate").)

Plaintiffs' willingness to make this gamble on remand highlights the fact that they

are pursuing purely private—as opposed to public—interests.  As explained in *Ly*, the

rationale for including statutory fee-shifting in the Private AG Statute was to provide a

"reward" for persons who vindicated "*public* rights in the interests of the state" and acted

---

[6]  *Buetow*, 650 F.3d at 1184 ("[T]his statutory cause of action is limited to persons
'injured *by* a violation.'") (citing *Group Health* and *Schaaf*), 1187 (remanding for a
determination of claims applying the standards prescribed in *Wiegand*).  *See also Schaaf*,
517 F.3d at 552 (Private AG Statute's "requirement that a plaintiff be 'injured by'
conduct of the defendant does not allow for recovery unless a plaintiff can show that the
defendant's actions proximately caused the plaintiff's losses."); *Wiegand*, 683 N.W.2d at
811 ("[T]he 'injured' element of Minn. Stat. § 8.31, subd. 3a, requires that a private
plaintiff prove a 'causal nexus' between the plaintiff's injuries and the defendant's
wrongful conduct.") (citing *Group Health*).

[7]  Defendants believe that Plaintiffs would be entitled to no fee award, under any
circumstance, given the extent to which Defendants have prevailed in this action.

"with the common public good in mind, unlike the private practitioner who seeks vindication of a particular result for a particular client." *Ly*, 615 N.W.2d at 313-14 (quoting *Humphrey v. McLaren*, 402 N.W.2d 535, 543 (Minn. 1987)); *see id.* at 312 n.18. The legislature never intended the pursuit of attorney fees under the Private AG Statute to be the *driver* for perpetuating actions that litigants have lost—in every meaningful respect—as is the situation here, based on the Eighth Circuit's decision.

### B. An Examination Of The Relief Sought By Plaintiffs And The Form Of The Alleged Misrepresentations Shows That There Is No Public Benefit

"To determine whether a lawsuit is brought for the public benefit the Court must examine not only the form of the alleged misrepresentation, but also the relief sought by the plaintiff." *Zutz*, 2003 WL 22848943, at *4; *Overen*, 2007 WL 2695792, at *3.

### 1. Relief sought by Plaintiffs

Because Plaintiffs themselves can now obtain no relief in this action other than nominal amounts related to their damages claims, they cannot demonstrate that this action satisfies the *Ly* public benefit requirement.

This Court's decision in *Overen* is on point. In that case, plaintiff's daughter was injured when her hand was trapped and burned in an Easy-Bake Oven manufactured by Hasbro. *Overen*, 2007 WL 2695792, at *1. Among other things, plaintiff alleged that Hasbro had violated the MCFA because its advertisements contained false and misleading statements regarding the Easy-Bake Oven, which was sold under the pretense that it was safe for use by children. *Id.* at *2. Hasbro filed a motion for judgment on the pleadings, arguing that plaintiff could not show a public benefit under the Private AG

Statute.  *Id.*  In response, plaintiff argued that, like *Collins*, her claims served a public

benefit because "Hasbro misrepresented the safety of the Easy-Bake Oven to the public at

large and hundreds of thousands of children will continue to be exposed to the . . . hazard

posed by the defective product unless Hasbro . . . retrieve[s] the remaining toys from the

public."  *Overen*, 2007 WL 2695792, at *3.  In dismissing plaintiff's MCFA claim,

brought under the Private AG Statute, this Court ruled that:

> [T]his case is more like the facts in *Pecarina* than the facts in
> *Collins*.  In *Pecarina*, the plaintiffs alleged that their son's
> injuries were caused by a non-child-resistant cigarette lighter.
> 2002 WL 1023153, at *3. . . .   The court dismissed the
> plaintiffs' claims under the [MCFA] and [FAA] because the
> plaintiffs had failed to demonstrate that such claims were
> brought for the public benefit.  *Id.* at *5.  The court reasoned
> that even though the plaintiffs' claims centered on an
> allegedly defective lighter that was mass-produced and *mass-
> marketed*, the plaintiffs were merely seeking monetary
> damages for their son's personal injury. . . .   The Court found
> that "[s]uch damages do not benefit the public."  *Id.*
>
> Likewise, the essence of Plaintiff's lawsuit here is to
> compensate her for her daughter's personal injury.  Indeed,
> *Plaintiff's claim for relief merely seeks money damages* . . . .
> *The Court finds that such damages do not serve a public
> benefit, but simply provide an exclusive remedy for Plaintiff.*
> In requiring a public benefit, the Minnesota Supreme Court
> reasoned, in part, as follows:
>
>> [T]he legislature could not have intended to sweep
>> every private dispute based on fraud, and falling within
>> the [Consumer Fraud Act], into a statute where
>> attorney fees and additional costs and expenses would
>> be awarded, because to do so would substantially alter
>> a fundamental principle of law deeply ingrained in our
>> common law jurisprudence—that each part bears his
>> own attorney fees in the absence of a statutory or
>> contractual exception.

> *Ly*, 615 N.W.2d at 314.  Thus, *"[w]here recovery is sought*
> *for the exclusive benefit of the plaintiff, there is no public*
> *benefit*."  *Zutz*, 2003 WL 22848943, at *4.

*Overen*, 2007 WL 2695792, at *3 (emphasis added); *see also Zutz*, *Beck*, *Wehner*, *PCS*,

*Schaaf*, *Evangelical*, *Kalmes*, *Berczyk*, *Behrens* and *Pecarina*, cited above.

     *Overen* compels the dismissal of this action.  Even though Scent-Lok® carbon

clothing was advertised to the general public—as was the Easy-Bake Oven in *Overen*,

and as was the lighter in *Pecarina*—Plaintiffs' only remaining claims, which have not

been rejected as a matter of law, are their individual damages claims.  *See Buetow*, 650

F.3d at 1187.  As this Court ruled in *Overen*, "such damages do not serve a public

benefit, but simply provide an exclusive remedy for Plaintiff."  2007 WL 2695792, at *3.

     Finally, Plaintiffs may argue that prevailing on their damages claims would confer

a public benefit in terms of Defendants' future advertising.  However, in such a

circumstance, there is "no real prospect of a public benefit, other than a theoretical one":

> Undoubtedly, any successful lawsuit, which recovers
> damages for an injury caused by a defective product, could
> have the potential to cause some public benefit.  However,
> such a broad application of the Private AG Statute, to effect
> the purposes of [M]CFA, was the precise type of
> misapplication that the Minnesota Supreme Court criticized in
> *Ly v. Nystrom*, [615 N.W.2d] at 312, when it warned that,
> unless the Private AG Statute was interpreted within its
> proper scope, "'every artful counsel could dress up his dog
> bite case' to come under an attorney's fees statute."

*Behrens*, 228 F. Supp. 2d at 971; *see also PCS*, 2007 WL 3313661, at *6.

### 2. Form of the alleged misrepresentations

Other than their now-rejected core allegations relating to "odor eliminating" and "reactivation," the only ads that Plaintiffs Buetow and Rohrbach "specifically recall seeing and relying on in deciding to purchase Defendants' products"[8] were:

(1) an ALS hangtag, which this Court held was not literally false;[9]

(2) two Robinson Scentblocker® product hangtags, which were the subject of Plaintiffs' now-settled action against Robinson;[10] and

(3) a total of three historical ALS magazine ads, which were *discontinued* in 2001,[11] 2004,[12] and 2005,[13] respectively, which contained ad copy that was *never used again* after the discontinuation of the ads, and which advertised products that neither Plaintiff ever purchased.

---

[8] Buetow Decl. ¶ 7 (Doc. No. 297); Rohrbach Decl. ¶ 8 (Doc. No. 298).

[9] Buetow Decl. (Doc. No. 297 at 6 (PLMN000135)); Rohrbach Decl. (Doc. No. 298 at 5 (same)); *compare Buetow*, 713 F. Supp. 2d at 840-41 (holding that same hangtag, at Leach Decl., Ex. 21, not literally false).

[10] Rohrbach Decl. (Doc. Nos. 298 at 6 & 298-1 at 1-2 (PLMN000024-26)); Buetow Decl. (Doc. Nos. 297 at 7 & 297-1 at 1-2 (same)) and (Doc. No. 297-2 at 1 (PLMN000019)).

[11] Buetow Decl. (Doc. No. 297-2 at 2-7 (IOI0137-38, IOI0139-40, IOI0141-42) (identifying same magazine ad that ran in December 2000, January 2001 and February 2001, which was discontinued in 2001)).

[12] Rohrbach Decl. (Doc. No. 298-2 at 1-2 (IOI0184-85) (identifying magazine ad that ran in July 2004, which was discontinued in 2004)).

[13] Rohrbach Decl. (Doc. No. 298-2 at 3-4 (IOI0196-97) (identifying magazine ad that ran in July 2005, which was discontinued in 2005)).

Given that the only magazine ads that Plaintiffs Buetow and Rohrbach identified in their declarations were discontinued long before this action was filed (in September 2007), they cannot demonstrate that continuing their pursuit of nominal damages claims will benefit the public.  *See Buetow*, 650 F.3d at 1187 (noting need to determine "whether [ads] have long since been discontinued"); *Overen*, 2007 WL 2695792, at *3 (fact that advertising in question was no longer being used supported conclusion that plaintiff failed to show any public benefit).

The three other Plaintiffs (Brosi, Deeb and Richardson) were unable to identify *any* specific ad that they allegedly reviewed and relied upon in making their purchases,[14] and the ad phrases they do identify in their declarations are not literally false under the Eighth Circuit's decision.[15]  Thus, they too can show no public benefit in continuing to pursue their nominal damages claims.

---

[14]  *See Buetow*, 650 F.3d at 1185 ("In assessing whether an *advertisement* is literally false, a court *must* analyze the message conveyed *within its full context*.") (emphasis added, citations omitted); *Med. Graphics Corp. v. SensorMedics Corp.*, 872 F. Supp. 643, 651 (D. Minn. 1994) (Kyle, J.) ("Without identifying *the document*, there is *no way* for the Court to determine whether plaintiff has a likelihood of success in establishing that it is 'false or misleading' under the Lanham Act.") (emphasis added).

[15]  *See* Brosi Decl. ¶¶ 4-12 (referencing "odor eliminating", "eliminate", "forget the wind, just hunt" and unspecified graphic with arrows) (Doc. No. 300); Deeb Decl. ¶¶ 3-8 ("odor eliminating" and "eliminate") (Doc. No. 302); Richardson Decl. ¶¶ 2-11 ("odor eliminating" and unspecified graphic with arrows) (Doc. No. 309).  *Compare Buetow*, 650 F.3d at 1185 ("The standard for proving literal falsity is rigorous.  'Only an *unambiguous* message can be literally false.'  When an ad 'can reasonably be understood as conveying different messages, [a] literal falsity argument must fail.'") (citations omitted, emphasis in original); *id.* at 1186-87 ("eliminate" and "odor eliminating" not literally false, and none of the examples of statements that might be literally false—rather than "nonactionable 'puffery'"—are mentioned in the Brosi, Deeb or Richardson declarations).

**III.**   **PLAINTIFFS' ATTEMPT TO DELAY THE RESOLUTION OF DEFENDANTS' MOTION TO DISMISS BASED ON *CURTIS* SHOULD BE REJECTED**

**A.**   ***Curtis v. Altria Group, Inc.***

The Minnesota Supreme Court has before it a case, *Curtis v. Altria Group, Inc.*, No. A10-0215 (Minn. filed Jan. 27, 2011), in which the court is reviewing the interplay between:  (a) individual plaintiffs' damages claims under the Private AG Statute in a certified class action relating to tobacco advertising; and (b) a prior action brought by the Attorney General against Philip Morris, and the scope and effect of the resulting release in the Attorney General Tobacco Settlement, as well as federal legislation, on plaintiffs' claims.  *See Curtis v. Altria Group, Inc.*, 792 N.W.2d 836, 848-52 (Minn. Ct. App. 2010), *review granted*, No. A10-0215 (Minn. Mar. 15, 2011).

Among other things, the trial court granted plaintiffs' motion for class certification, and dismissed plaintiffs' consumer fraud claims brought under the Private AG Statute "concluding that the prior lawsuit by the state and the enactment of federal legislation precluded [plaintiffs] from being able to meet the public-benefit element" and, in the alternative, plaintiffs' claims were "barred by the release contained in the Tobacco Settlement."  *Curtis*, 792 N.W.2d at 844.

On appeal, the Court of Appeals affirmed the grant of class certification, and reversed the dismissal of plaintiffs' claims under the Private AG Statute.  *Id*. at 861-62.

The Minnesota Supreme Court granted Philip Morris' petition seeking review as to both issues.

### B.    *Curtis* Is Distinguishable

Plaintiffs argue that this Court should defer ruling on Defendants' motion to dismiss until after the Minnesota Supreme Court renders its decision in *Curtis*, but there is no reason for that delay.

In their May 17, 2011 Respondents' Brief filed in the Supreme Court, the *Curtis* plaintiffs argued that they satisfied the Private AG Statute's public benefit requirement because:  (1) "[t]he named plaintiffs do not seek to benefit just themselves, but also the class, which includes thousands of defrauded Minnesotans who bought cigarettes misrepresented in ads and on cigarette packs as 'light'";[16] and (2) the Plaintiff Class seeks restitution from Philip Morris to "punish[] the wrongdoer by taking his ill-gotten gains" and "[r]estitution is as much a public benefit as, for example, the grant of injunctive relief."  (*Curtis* Respondents' Br. at 16, 18, excerpted at Exhibit A to this Memorandum.)[17]

Neither of these rationales are available to Plaintiffs here.  *First*, Plaintiffs seek to benefit just themselves, as their motion for class certification was denied, and there is no evidence that any significant number of people had negative experiences with carbon hunting clothing.  *See Buetow*, 650 F.3d at 1186 (noting efficacy of carbon clothing

---

[16]  *See In re Nat'l Arb. Forum Trade Practices Litig.*, 704 F. Supp. 2d 832, 839 (D. Minn. 2010) (Magnuson, J.) (noting that, at pleading stage, "Plaintiffs' continued pursuit of monetary damages for the class against NAF has a public benefit"); *but see Evangelical*, 2005 WL 1041487, at *4 ("Evangelical confuses large numbers with the public benefit.").

[17]  *See Moallin v. Cangemi*, 427 F. Supp. 2d 908, 917 n.5 (D. Minn. 2006) (Rosenbaum, C.J.) (taking judicial notice of court filings in other action).

products compared to non-carbon products, and "evidence of substantial customer satisfaction with ALS's Scent-Lok® products"). As the Eighth Circuit has explained:

> The class of plaintiffs under the private attorney general statute would be limitless if we assumed that one individual's negative experience with a company was necessarily duplicated for every other individual and on that basis treated personal claims as benefitting the public. Such an assumption might well render nearly every private suit alleging fraud a public benefit case.

*Davis v. U.S. Bancorp*, 383 F.3d 761, 768 (8th Cir. 2004).

*Second*, unlike the plaintiffs in *Curtis*, Plaintiffs are barred from seeking restitution in this action. Not only is equitable relief in the form of restitution unavailable where damages are adequate (as is the case here), but that remedy is foreclosed by the Eighth Circuit's decision, which ordered the dismissal with prejudice of "all claims for equitable relief." *Buetow*, 650 F.3d at 1187.

Thus, even if the plaintiffs in *Curtis* were to prevail in the Supreme Court, the resulting decision would be distinguishable on these grounds.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss this action based on Plaintiffs' inability to demonstrate a public benefit under the Private AG Statute should be granted.

Dated:  October 11, 2011.

<div style="margin-left:40%">

Respectfully submitted,

s/ Naikang Tsao
Naikang Tsao (admitted *pro hac vice*)
Theresa A. Andre (admitted *pro hac vice*)
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI  53701
Telephone:  (608) 258-4250
Facsimile:  (608) 258-4258
ntsao@foley.com

John D. Sear (#222252)
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN  55402
Telephone:  (612) 339-8682
Facsimile:  (612) 672-3200
john.sear@bowmanandbrooke.com

**Attorneys for Defendants A.L.S. Enterprises, Inc. and Gander Mountain Company**

s/ James K. Langdon
James K. Langdon  (#171931)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-8800
langdon.jim@dorsey.com

</div>

Michael C. Mahoney (#066618)
MAHONEY ANDERSON LLC
125 Lake Street W., Suite 201
Wayzata, MN 55391
Telephone:  (612) 332-2226
mcmahoney@mahoneyanderson.com

**Attorneys for Defendants Cabela's Incorporated
and Cabela's Wholesale, Inc.**