UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re:                                              Multidistrict Litigation
                                                    No. 09-md-2059 (RHK/JJK)
Activated Carbon-Based Hunting
Clothing Marketing and Sales Practices
Litigation

THIS DOCUMENT RELATES TO:
*Buetow, et al. v. A.L.S. Enterprises, Inc., et al.*, Civ. No. 07-3970 (RHK/JJK)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK
OF PUBLIC BENEFIT UNDER PRIVATE ATTORNEY GENERAL STATUTE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ........................................................................................... 1

ARGUMENT .................................................................................................. 2

I.  PLAINTIFFS CANNOT DEMONSTRATE ANY PUBLIC BENEFIT, AS
    REQUIRED UNDER THE PRIVATE AG STATUTE ......................................... 2

    A.  Plaintiffs Only Seek Damages ....................................................... 2

    B.  Plaintiffs Only Challenge Ads That Were Discontinued Or Are Not
        Literally False ............................................................................. 5

    C.  Plaintiffs' Arguments Fail As A Matter Of Law .............................. 7

        1.  Plaintiffs misread *Ly* and *Collins* ..................................... 7

        2.  Plaintiffs misread subsequent Court of Appeals cases ........... 9

        3.  Plaintiffs misread recent federal district court cases ........... 10

II.  HAVING ELECTED TO PURSUE THEIR MUTPA CLAIM UNDER
     THE PRIVATE AG STATUTE, PLAINTIFFS ARE BARRED FROM
     PURSUING DAMAGES DIRECTLY UNDER THE MUTPA ............................ 12

III. PLAINTIFFS' ATTEMPT TO DELAY THE RESOLUTION OF
     DEFENDANTS' MOTION TO DISMISS BASED ON *CURTIS* SHOULD
     BE REJECTED ......................................................................................... 13

    A.  The Public Benefit Requirement Is A Substantive Element That
        Must Be Met To State A Claim Under The Private AG Statute ......... 14

    B.  *Curtis* Is Distinguishable ........................................................... 16

CONCLUSION ............................................................................................... 16

4843-9543-1181.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*ADT Sec. Servs., Inc. v. Swenson, ex rel. Estate of Lee*,
    687 F. Supp. 2d 884 (D. Minn. 2009) ........................................................ 11

*Allstate Ins. Co. v. Linea Latina de Accidentes, Inc.*,
    781 F. Supp. 2d 837 (D. Minn. 2011) ........................................................ 11

*Behrens v. United Vaccines, Inc.*,
    228 F. Supp. 2d 965 (D. Minn. 2002) ..................................................... 3-5, 9

*Berczyk v. Emerson Tool Co.*,
    291 F. Supp. 2d 1004 (D. Minn. 2003) ........................................................ 3

*Buetow v. A.L.S. Enterprises, Inc.*,
    650 F.3d 1178 (8th Cir. 2011) ............................................................. *passim*

*Evangelical Lutheran Church in Am. Bd. of Pensions v.*
    *Spherion Pac. Workforce LLC*, Civ. No. 04-4791,
    2005 WL 1041487 (D. Minn. May 4, 2005) ............................................... 15

*In re Levaquin Prods. Liab. Litig.*,
    752 F. Supp. 2d 1071 (D. Minn. 2010) .................................................... 8, 11

*In re Nat'l Arbitration Forum Trade Practices Litig.*,
    704 F. Supp. 2d 832 (D. Minn. 2010) ................................................... 11, 15

*Kalmes Farms, Inc. v. J-Star Indus., Inc.*,
    Civ. No. 02-1141, 2004 WL 114976 (D. Minn. Jan. 16, 2004) ................................ 3, 5

*Kinetic Co. v. Medtronic, Inc.*,
    672 F. Supp. 2d 933 (D. Minn. 2009) ........................................................ 11

*Mooney v. Allianz Life Ins. Co. of N. Am.*,
    Civ. No. 06-545, 2009 WL 511572 (D. Minn. Feb. 26, 2009) ................................... 11

*Mooney v. Allianz Life Ins. Co. of N. Am.*,
    Civ. No. 06-545, 2010 WL 419962 (D. Minn. Jan. 29, 2010) ................................ 11-12

*Overen v. Hasbro, Inc.*,
    Civ. No. 07-1430, 2007 WL 2695792 (D. Minn. Sept. 12, 2007) ....................... *passim*

4843-9543-1181.1

*PCS Prof'l Claim Serv., LLC v. Brambilla's Inc.*,
   No. 06-4540, 2007 WL 3313661 (D. Minn. Nov. 6, 2007) ....................................... 3, 5

*Pecarina v. Tokai Corp.*,
   Civ. No. 01-1655, 2002 WL 1023153 (D. Minn. May 20, 2002)............................ 3, 4

*Schaaf v. Residential Funding Corp.*, 517 F.3d 544 (8th Cir. 2008) ................................. 6

*Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500
   (7th Cir. 2009) ................................................................................................... 9

*Select Comfort Corp. v. Sleep Better Store, LLC*,
   Civ. No. 11-621, 2011 WL 2457919 (D. Minn. June 17, 2011)............................. 8, 15

*Summit Recovery, LLC v. Credit Card Reseller, LLC*,
   Civ. No. 08-5273, 2010 WL 1427322 (D. Minn. Apr. 9, 2010)................................. 11

*Swift & Co. v. Elias Farms, Inc.*,
   539 F.3d 849 (8th Cir. 2008) ................................................................................. 15

*Wehner v. Linvatech Corp.*,
   Civ. No. 06-1709, 2008 WL 495525 (D. Minn. Feb. 20, 2008) ............................. 3, 15

*Zutz v. Case Corp.*,
   Civ. No. 02-1776, 2003 WL 22848943 (D. Minn. Nov. 21, 2003) ...................... 2, 3, 5

**STATE CASES**

*301 Clifton Place L.L.C. v. 301 Clifton Place Condo. Ass'n*,
   783 N.W.2d 551 (Minn. Ct. App. 2010) ..................................................................... 10

*Anderson-Johanningmeier v. Mid-Minnesota Women's Center, Inc.*,
   637 N.W.2d 270 (Minn. 2002).............................................................................14-15

*Burch v. Oakland Park, Inc.*,
   Nos. A05-1585, A05-1589, A05-1587, A05-1588,
   2006 WL 1806196 (Minn. Ct. App. July 3, 2006)....................................................9-10

*Burch v. Oakland Park, Inc.*,
   Nos. C6-99-1550, C8-00-1041, C8-02-1920, CX-00-490,
   2005 WL 5010659 (Minn. Dist. Ct. June 7, 2005) ................................................... 10

*Collins v. Minn.  Sch. of Bus., Inc.*,
   655 N.W.2d 320 (Minn. 2003).........................................................................*passim*

*Collins v. Minn. Sch. of Bus., Inc.*,
   636 N.W.2d 816 (Minn. Ct. App. 2001) ....................................................... 8

*Curtis v. Altria Group, Inc.*,
   792 N.W.2d 836 (Minn. Ct. App. 2010), *review granted*, No. A10-0215
   (Minn. Mar. 15, 2011) ..................................................................... 5, 13-16

*Ensminger v. Timberland Mortg. Servs., Inc.*,
   No. A09-1213, 2010 WL 1541360 (Minn. Ct. App. Apr. 20, 2010) ..................... 15-16

*Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2 (Minn. 2001) ................... 6

*Lawrence v. Forthun*,
   No. A09-543, 2009 WL 4796754 (Minn. Ct. App. Dec. 15, 2009) ........................ 8, 15

*Ly v. Nystrom*,
   615 N.W.2d 302 (Minn. 2000) ........................................................... *passim*

*Roers v. Pierce*,
   No. A08-0391, 2009 WL 67061 (Minn. Ct. App. Jan. 13, 2009) .............................. 16

*Scally v. Norwest Mortg., Inc.*,
   No. C4-02-2181, 2003 WL 22039526 (Minn. Ct. App. Sept. 2, 2003) .................. 5, 16

*Schaff v. Chateau Cmtys., Inc.*,
   No. A04-1246, 2005 WL 1734031 (Minn. Ct. App. July 26, 2005) .......................... 10

*Schaff v. Chateau Cmtys., Inc.*,
   No. 19-CX-03-6402, 2004 WL 1908209 (Minn. Dist. Ct. May 27, 2004) ................. 10

*Weigand v. Walser Auto. Group, Inc.*,
   No. A05-1911, 2006 WL 1529511 (Minn. Ct. App. June 6, 2006) ............................ 16

**STATE STATUTES**

Minn. Stat. § 8.31, subd. 3a ................................................................... *passim*

Minn. Stat. § 325D.13 ................................................................................ 18

Minn. Stat. § 325D.15 ................................................................................ 18

Defendants A.L.S. Enterprises, Inc. ("ALS"), Cabela's Inc., Cabela's Wholesale, Inc., and Gander Mountain Co., by and through their attorneys, submit this reply brief in support of their motion to dismiss.

### INTRODUCTION

Plaintiffs act like the Eighth Circuit's decision, *Buetow v. A.L.S. Enterprises, Inc.*, 650 F.3d 1178 (8th Cir. 2011)—which rejected their core allegations relating to "odor elimination" and "reactivation" as a matter of law—never happened.  In their opposition, Plaintiffs cite to allegations in the Second Amended Complaint (Opp'n at 6-7, 22), which were rejected by the Eighth Circuit; they cite this Court's summary judgment order (*id.* at 7, 22), which was reversed; and they file a new declaration with new ads that none of the Plaintiffs allege that they reviewed or relied on, in conflict with the Eighth Circuit's decision.

With respect to the public benefit requirement, Plaintiffs fail to articulate how their continued pursuit of *one-figure* or *two-figure* damages claims would advance the public interest in any way.  Instead, they take the unsupported position that, as long as a challenged advertisement was disseminated to the general public, the public benefit requirement is satisfied no matter what relief is available to Plaintiffs.  As explained below, Plaintiffs misread *Ly v. Nystrom*, 615 N.W.2d 302 (Minn. 2000), and *Collins v. Minnesota School of Business, Inc.*, 655 N.W.2d 320 (Minn. 2003), and ignore numerous federal district court cases, including this Court's decision in *Overen v. Hasbro, Inc.*, Civ. No. 07-1430, 2007 WL 2695792, at *3 (D. Minn. Sept. 12, 2007) (Kyle, J.).  Because the only relief available to Plaintiffs is damages, and "such damages do not serve a public

benefit, but simply provide an exclusive remedy for Plaintiff[s]," *id.*, Defendants' motion should be granted.

Furthermore, because Plaintiffs elected to pursue their MUTPA claim under the Private AG Statute, as evidenced by their representations to this Court and to Defendants, they are barred from changing theories now—and attempting to seek nominal damages directly under the MUTPA—in order to avoid dismissal of this action.

Finally, there is no reason to stay the consideration of Defendants' motion to dismiss based on the *Curtis* case. Even if plaintiffs-appellees in *Curtis* were to prevail, the basis for a finding of public benefit in that case would distinguish it from this one.

## ARGUMENT

## I.   PLAINTIFFS CANNOT DEMONSTRATE ANY PUBLIC BENEFIT, AS REQUIRED UNDER THE PRIVATE AG STATUTE

"To determine whether a lawsuit is brought for the public benefit the Court must examine not only the form of the alleged misrepresentation, but also the relief sought by the plaintiff." *Overen*, 2007 WL 2695792, at *3 (quoting *Zutz v. Case Corp.*, Civ. No. 02-1776, 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003) (Magnuson, J.)). "Where recovery is sought for the exclusive benefit of the plaintiff, there is no public benefit." *Id.*

### A.   Plaintiffs Only Seek Damages

Plaintiffs do not dispute that:

> (a)   based on the Eighth Circuit's decision, the only relief that is available to them are their individual claims for money damages; and

2

(b)     numerous district court cases hold that "such damages do not serve a public benefit, but simply provide an exclusive remedy for Plaintiff[s]."  *Overen*, 2007 WL 2695792, at *3.[1]

Plaintiffs attempt to distinguish some of these authorities, and argue that others are wrongly decided, but none of these arguments is persuasive.  (Opp'n at 20-23.)

*First*, Plaintiffs assert that *Overen*, *Pecarina* and other cases are inapposite because the plaintiffs in those action sought damages for personal injuries in product liability actions.  (Opp'n at 20-21.)  These cases, however, are not distinguishable on this ground.  Just as the request for damages by plaintiffs for personal injuries in *Overen* and *Pecarina* did not confer a public benefit, the request for damages by Plaintiffs here based on the price paid for Scent-Lok® carbon hunting clothing does not confer a public benefit.  In both circumstances, the damages "simply provide an exclusive remedy for

---

[1]  S*ee also Behrens v. United Vaccines, Inc.*, 228 F. Supp. 2d 965, 972 (D. Minn. 2002) (Erickson, M.J.) ("Plaintiffs' claims seek to redress only their personal, business damages.  They seek no equitable relief . . . .  Rather, the[y] seek monetary compensation for what are, in every respect, personal and not public losses."); *Wehner v. Linvatech Corp.*, Civ. No. 06-1709, 2008 WL 495525, at *3 (D. Minn. Feb. 20, 2008) (Rosenbaum, J.) ("Plaintiff seeks only damages . . . [and] makes no specific request for relief that might be deemed to benefit the public."); *PCS Prof'l Claim Serv., LLC v. Brambilla's Inc.*, No. 06-4540, 2007 WL 3313661, at *6 (D. Minn. Nov. 6, 2007) ("Plaintiffs only seek relief that will directly benefit themselves (*i.e.*, rescission, damages).  Plaintiffs do not seek relief that will benefit the public."); *Kalmes Farms, Inc. v. J-Star Indus., Inc.*, Civ. No. 02-1141, 2004 WL 114976, at *6 (D. Minn. Jan. 16, 2004) (Frank, J.) ("Kalmes Farms' decision to seek only money damages is persuasive in determining whether the suit was brought for the benefit of the public."); *Zutz*, 2003 WL 22848943, at *4 ("Plaintiffs seek only compensatory damages.  Where recovery is sought for the exclusive benefit of the plaintiff, there is no public benefit."); *Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1020 (D. Minn. 2003) (Erickson, M.J.) (actions seeking only "damages do not benefit the public"); *Pecarina v. Tokai Corp.*, Civ. No. 01-1655, 2002 WL 1023153, at *5 (D. Minn. May 20, 2002) (Montgomery, J.) (Claims for "damages do not benefit the public.  The redress is to compensate Plaintiffs for their injuries.").

3

Plaintiff[s]." *Overen*, 2007 WL 2695792, at *3 ("Notably, Plaintiff is not seeking any sort of injunctive relief that would alter the practices or actions of Hasbro such that it would serve a public benefit.  Indeed, Plaintiff is merely seeking money damages.").

Moreover, the advertisements challenged in *Overen*, *Pecarina* and other cases were broadly disseminated to the general public, and the allegations in those cases, like the allegations here, was that the advertisements were false and/or misleading, and contributed to plaintiffs' damages.  *See Overen*, 2007 WL 2695792, at *3; *Pecarina*, 2002 WL 1023153, at *5.  Nevertheless, the scope of the relief sought in those cases— damages only—was dispositive as to the public benefit requirement.  The same is true here.

*Second*, in *Behrens*, the district court noted:

> According to the Plaintiffs, just as in *Collins*, their lawsuit will aid an "indefinite class of potential consumers," who might otherwise be "injured in the same manner" as they were. . . .
>
> While we understand the Plaintiffs' argument, that there might be some benefit to the public occasioned by their success in this action [and the recovery of damages only], we cannot agree that such a metaphysical potential is sufficient to satisfy the public benefit requirement enunciated in *Ly v. Nystrom*.  To be sure, the loss of any false advertising claim might counsel the advertiser to be more forthright in its advertisement of its other products, we see no real prospect of a public benefit, other than a theoretical one.

*Behrens*, 228 F. Supp. 2d at 970-71.  Plaintiffs argue that *Behrens* does not follow *Ly* and *Collins*, and "has been called into question by, among other courts, the Minnesota court

4

of appeals in *Curtis*." (Opp'n at 21-22.) However, Plaintiffs are wrong in the following

respects:

> (a)   *Behrens*, 228 F. Supp. 2d at 968-72, contains a detailed
>       discussion of *Ly* and *Collins*, as evidenced by the excerpt
>       above;
>
> (b)   *Behrens* has been cited by the Minnesota Court of Appeals
>       for its discussion of the *Ly* public benefit requirement, and its
>       recognition that "the 'metaphysical potential' for a public
>       benefit does not support a claim under the private attorney
>       general statute." *Scally v. Norwest Mortg., Inc.*, No. C4-02-
>       2181, 2003 WL 22039526, at *6-*7 (Minn. Ct. App. Sept. 2,
>       2003) (unpublished); and
>
> (c)   The Court of Appeals in *Curtis* cited *Behrens* in its discussion
>       of whether the release in the Tobacco Settlement barred the
>       plaintiffs from pursuing an action under the Private AG
>       Statute, and only with respect to the specific issue of whether
>       an action under the Private AG Statute constitutes "state
>       action" within the meaning of the release. *See Curtis v. Altria
>       Group, Inc.*, 792 N.W.2d 836, 852 (Minn. Ct. App. 2010),
>       *review granted*, No. A10-0215 (Minn. Mar. 15, 2011).

*Finally*, Plaintiffs argue that *Zutz*, *PCS* and *Kalmes* are wrongly decided (Opp'n at

22-23), but, as discussed in Argument § I.C. *infra*, Plaintiffs' view is based on a

misreading of *Ly*, *Collins* and other cases.

### B.   Plaintiffs Only Challenge Ads That Were Discontinued Or Are Not Literally False

In their opening brief, Defendants explained that, other than Plaintiffs' now-

rejected core allegations relating to "odor eliminating" and "reactivation," the only

remaining alleged misrepresentations at issue in this action either were discontinued or

are not literally false as a matter of law under the Eighth Circuit's decision. (Defs.' Br. at

13-14 (citing Plaintiffs' declarations).)

5

In their opposition, Plaintiffs do not dispute the statements in their own declarations, or the following:

> (a)     Plaintiffs Buetow and Rohrbach identified a total of three historical ALS magazine ads in their declarations that they allegedly recalled reviewing and relying upon in making purchases, which were discontinued in 2001, 2004 and 2005, and which advertised products that neither Plaintiff ever purchased; and

> (b)     Plaintiffs Brosi, Deeb and Richardson were unable to identify any specific ad that they allegedly reviewed and relied upon in making their purchases, and the ad phrases they do identify in their declarations are not literally false under the Eighth Circuit's decision.

Instead, Plaintiffs file a new declaration of counsel, attaching new advertisements, which none of the Plaintiffs in their filed declarations contend they ever reviewed or relied upon. As the Eighth Circuit observed, however, Plaintiffs cannot challenge or seek relief relating to ads they neither reviewed nor relied upon. *See Buetow*, 650 F.3d at 1184 ("[T]his statutory cause of action is limited to persons 'injured *by* a violation.'") (citing *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001), and *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 550 (8th Cir. 2008)).

Plaintiffs also argue that Defendants continued to use terms such as "scent-free" and "pristine" in later ads (Opp'n at 6, 22), but the Eighth Circuit held that such terms are not literally false.[2]

---

[2]  On summary judgment, this Court ruled that "scent-free" and "like new"/"pristine" were literally false. Defendants appealed the summary judgment order, including those specific issues. (*See* 8/16/10 Appellants' Br. in *Buetow*, No. 10-2415 (8th Cir.).) In its decision, the Eighth Circuit held that Plaintiffs failed to prove that

*(footnote continued on following page)*

In sum, because Plaintiffs can obtain no relief in this action other than damages, and because the ads the Plaintiffs reviewed and relied on were either discontinued or are not literally false as a matter of law, Plaintiffs can demonstrate no public benefit.

### C.      Plaintiffs' Arguments Fail As A Matter Of Law

#### 1.      Plaintiffs misread *Ly* and *Collins*

Plaintiffs argue that, under *Ly* and *Collins*, the public benefit requirement "is intended to separate those one-on-one fraud cases from cases that are based on a defendant's broader misconduct aimed at the general public."  (Opp'n at 2; see *id*. at 3-5, 13-14.)  This argument misreads both *Ly* and *Collins*.

*First*, Plaintiffs improperly attempt to limit the *Ly* court's holding to the "narrow facts" in that case.  (Opp'n at 11.)  The holding in *Ly*—"that the Private AG Statute applies only to those claimants who demonstrate that their cause of action benefits the public," 615 N.W.2d at 314—was based on the fact the Private AG Statute was adopted to provide "a *reward* to private parties for uncovering and *bringing to a halt* unfair, deceptive and fraudulent business practices, functions that, to that point, had been the responsibility of the attorney general."  *Id*. at 313 (emphasis added).  The *Ly* court concluded that the public benefit requirement was not met in the case before it because "[a] successful prosecution of [the buyer's] fraud claim  . . . is not a claim that could be

---

Defendants' use of the terms "odor eliminating" and "reactivation" was literally false. 650 F.3d at 1186-87.  That holding covers the term "scent-free," as the Eighth Circuit expressly noted that only the more exaggerated claim "completely scent-free" might be literally false.  *Id*. at 1187.  That holding also covers the qualifying terms "like new" and "pristine," as that was the only issue relating to "reactivation" litigated on appeal.  *Id*.

4843-9543-1181.1

considered to be within the duties and responsibilities of the attorney general to investigate *and enjoin*." *Ly*, 615 N.W.2d at 314 (emphasis added).

*Second*, *Collins* does not stand for the proposition that any action involving alleged misrepresentations disseminated to the general public satisfies the public benefit requirement. (Opp'n at 2-3, 4, 12-13.) In *Collins*, the Court of Appeals held that the students' action provided a public benefit because the school's representations were made to the public at large and, "[a]s a result of appellants' lawsuit, *respondent stopped its television advertisements and changed the program's name and curriculum*." *Collins v. Minn. Sch. of Bus., Inc.*, 636 N.W.2d 816, 820-21 (Minn. Ct. App. 2001) (emphasis added). The Court of Appeals added that: "But for appellants' lawsuit, an indefinite class of potential consumers might have been injured in the same manner as were appellants." *Id*. at 821. The Minnesota Supreme Court affirmed, holding that the students' "*successful prosecution* of their claims benefited the public and therefore [they] are entitled to reasonable attorney fees." *Collins*, 655 N.W.2d at 330 (emphasis added).

Plaintiffs—and some courts[3] —mistakenly cite *Collins* for the proposition that "the public benefit requirement is satisfied where the defendant 'made misrepresentations

---

[3]  *See*, *e.g.*, *Select Comfort Corp. v. Sleep Better Store*, *LLC*, Civ. No. 11-621, 2011 WL 2457919, at *3 (D. Minn. June 17, 2011) (Ericksen, J.) (citing *Collins*' statement that the trial court had "misapplied the controlling law 'by ignoring the fact that [the Minnesota School of Business] misrepresented the nature of its program to the public at large,'" but failing to note that the actual public benefit that was obtained in the lawsuit was that the school halted the challenged advertisements and changed the program's name and curriculum); *In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d 1071, 1077-78 (D. Minn. 2010) (Tunheim, J.) (same); *Lawrence v. Forthun*, No. A09-543, 2009 WL 4796754, at *5 (Minn. Ct. App. Dec. 15, 2009) (unpublished).

to the public at large' and engaged in transactions with a broad section of the public."
(Opp'n at 13 (quoting *Collins*, 655 N.W.2d at 330).)  This is an instance of "what Judge
Posner has characterized as 'an unfortunately common example of a litigant misled by
general language in judicial opinions.'"  *Buetow*, 650 F.3d at 1183 (quoting *Schering-
Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 512 (7th Cir.
2009)).  As the Court of Appeals' decision in *Collins* makes clear, the reason the
students' lawsuit benefited the public was because the school stopped running its
television advertisements and changed its program name and curriculum as a result of the
lawsuit.  *Collins*, 636 N.W.2d at 820-21; *see also Behrens*, 228 F. Supp. 2d at 970-72
(describing *Collins*).

Unlike the facts in *Collins*, the only remaining ads at issue in this case either were
discontinued or are not literally false as a matter of law.  Therefore, the successful
prosecution of this action would lead to nothing more than damages, which confers no
public benefit.

### 2. Plaintiffs misread subsequent Court of Appeals cases

Plaintiffs contend that:  "Post-*Collins*, at least four court of appeal decisions have
found a public benefit in damages cases[,]" which shows that the "Minnesota Court of
Appeals has *consistently applied* the public benefit doctrine in the manner that Plaintiffs
suggest here."  (Opp'n at 17 (emphasis added).)  In fact, none of the cited cases supports
Plaintiffs' position.  (*See id*. at 17-18.)

In *Burch v. Oakland Park, Inc.*, Nos. A05-1585, A05-1589, A05-1587, A05-
1588, 2006 WL 1806196 (Minn. Ct. App. July 3, 2006) (unpublished), the Court of

Appeals upheld a finding of public benefit not because plaintiffs were awarded damages, but because, as the trial court noted:

> *future residents* of the Oakland Park community (those who move into or purchase mobile homes in the future) are benefited by this case's establishment of reasonable rules, elimination of unlawful, unreasonable lease provisions, including the Order *preventing* utility, water, and garbage charges from being added to the rent.

*Burch v. Oakland Park, Inc.*, Nos. C6-99-1550, C8-00-1041, C8-02-1920, CX-00-490, 2005 WL 5010659, Finding of Fact ¶ 22.A. (Minn. Dist. Ct. June 7, 2005) (unpublished) (emphasis added).

In *Schaff v. Chateau Communities, Inc.*, No. A04-1246, 2005 WL 1734031 (Minn. Ct. App. July 26, 2005) (unpublished), the trial court actually entered a *permanent injunction* after the trial. *See Schaff v. Chateau Cmtys., Inc.*, No. 19-CX-03-6402, 2004 WL 1908209, *1-*2 (Minn. Dist. Ct. May 27, 2004) (unpublished) ("Defendant . . . [is] hereby enjoined from imposing or assessing charges for water and sewer services upon any member of the Plaintiff class . . . .").

In *301 Clifton Place L.L.C. v. 301 Clifton Place Condominium Association*, 783 N.W.2d 551 (Minn. Ct. App. 2010), attorney fees were not even awarded under the Private AG Statute, *id.* at 569, and the developer "d[id] not claim [on appeal] that [the MCFA] cause of action does not benefit the public," *id.* at 563 n.4, and therefore the Court of Appeals did not discuss that requirement in its review of the MCFA claim. *See id.* at 563-64.

Finally, as discussed in Argument § III *infra*, *Curtis* is distinguishable on its facts.

10

### 3.      Plaintiffs misread recent federal district court cases

None of the federal district court cases cited by Plaintiffs (Opp'n at 23-24, 28-29) holds that the pursuit of individual damages claims alone satisfies the public benefit requirement.  Rather, the majority of those cases reflect courts' reluctance to resolve the public benefit issue at the pleading stage, in the context of a motion to dismiss.[4]

Plaintiffs also cite to *Summit Recovery, LLC v. Credit Card Reseller, LLC*, Civ. No. 08-5273, 2010 WL 1427322, at *5 (D. Minn. Apr. 9, 2010) (Doty, J.) (Opp'n at 23), but in that case, the district court *granted* summary judgment to defendant because Summit's claims under the MDTPA and MUTPA "do[] not benefit the public at large[.]" 2010 WL 1427322, at *5-*6.

Finally, Plaintiffs cite to *Mooney v. Allianz Life Insurance Company of North America*, Civ. No. 06-545, 2009 WL 511572, at *3 (D. Minn. Feb. 26, 2009) (Montgomery, J.), but injunctive relief was an available remedy in that case.  *See Mooney*

---

[4]      *See ADT Sec. Servs.*, *Inc. v. Swenson, ex rel. Estate of Lee*, 687 F. Supp. 2d 884, 892 (D. Minn. 2009) (Tunheim, J.) ("[T]he Court finds that—at least for the purposes of a motion under Rule 12(b)(6)—defendants' litigation has sufficient potential to benefit the public to support invocation of the Private Attorney General Statute."); *Allstate Ins. Co. v. Linea Latina de Accidentes*, *Inc.*, 781 F. Supp. 2d 837, 847 (D. Minn. 2011) (Ericksen, J.) ("At this preliminary stage of the litigation, the Court declines to conclude that Plaintiffs failed to demonstrate the claim benefits the public interest."); *In re Levaquin*, 752 F. Supp. 2d at 1079 ("Construing as true plaintiffs' allegations, as we must do on a motion for judgment on the pleadings, . . . the Court denies defendants judgment on the pleadings with regard to plaintiffs' claims[.]"); *In re Nat'l Arbitration Forum Trade Practices Litig.*, 704 F. Supp. 2d 832, 839 (D. Minn. 2010) (Magnuson, J.) ("At this stage of the litigation, Plaintiffs'[] consumer-protection claims can go forward."); *Kinetic Co. v. Medtronic, Inc.*, 672 F. Supp. 2d 933, 945 (D. Minn. 2009) (Rosenbaum, J.) ("For the purpose of this motion [to dismiss], the Court finds Kinetic may maintain an action under Minnesota Statute § 8.31.").

11

*v. Allianz Life Ins. Co. of N. Am.*, Civ. No. 06-545, 2010 WL 419962, at *1-*2 (D. Minn.

Jan. 29, 2010) (Montgomery, J.) (denying motion for permanent injunction, filed post-

trial).

## II.   HAVING ELECTED TO PURSUE THEIR MUTPA CLAIM UNDER THE PRIVATE AG STATUTE, PLAINTIFFS ARE BARRED FROM PURSUING DAMAGES DIRECTLY UNDER THE MUTPA

Plaintiffs argue that the public benefit requirement does not apply to their damages

claims under the MUTPA, Minn. Stat. § 325D.13, because that statute is directly

enforceable under Minn. Stat. § 325D.15.  (Opp'n at 8-9.)  This argument should be

rejected because Plaintiffs have elected to pursue their MUTPA claim solely under the

Private AG Statute, Minn. Stat. § 8.31, subd. 3a.[5]

Specifically, in their August 10, 2010 Memorandum in Support of Their Motion

for Attorneys' Fees and Expenses, Plaintiffs represented to this Court that they were

entitled to an award of fees and costs under the Private AG Statute because they were a

"prevailing party" under the MUTPA.  (*See* Doc. No. 374 at 5 (seeking fees and costs

"pursuant to Minn. Stat. § 8.31, subd. 3a"), *id.* at 12 (basing fee request on "finding that

Defendants violated . . . the [MUTPA], Minn. Stat. § 325D.09 *et seq.*").)

Moreover, after the Eighth Circuit issued its decision in this action, Plaintiffs

reiterated that they were pursuing damages under the MUTPA solely under the Private

---

[5]  This election by Plaintiffs makes perfect sense, given that there is a fee-shifting provision in the Private AG Statute, Minn. Stat. § 8.31, subd. 3a, but no such fee-shifting under the MUTPA, Minn. Stat. § 325D.15.

4843-9543-1181.1

AG Statute.  On September 7, 2011, Defendants wrote Plaintiffs (through counsel) and asked:

> what plaintiffs in *Buetow* are contending is the maximum damages award that each of the five of them (i.e., separately, by plaintiff) would be entitled to recover in the event the case were to proceed to trial (and were to prevail).

(11/4/11 Declaration of John Sear, Ex. A.)

In their September 12, 2011 response, Plaintiffs stated that:

> The maximum damages for each plaintiff would be their full cost (price paid) of Scent-Lok-licensed items, plus the attorneys' fees, costs and disbursements *under Minn. Stat. Sec. 8.31* and Rule 54.

(*Id.*, Ex. A (emphasis added).)  Thus, having represented to this Court and to Defendants that they are pursuing their MUTPA claim solely under the Private AG Statute, Plaintiffs should be "h[e]ld . . . to that representation."  *Buetow*, 650 F.3d at 1187 (holding Plaintiffs to their representation that they had moved for the complete adjudication of their claims for injunctive relief and, based on that representation, ordering the dismissal with prejudice of all claims for equitable relief).

## III.   PLAINTIFFS' ATTEMPT TO DELAY THE RESOLUTION OF DEFENDANTS' MOTION TO DISMISS BASED ON *CURTIS* SHOULD BE REJECTED

Plaintiffs argue that this Court should defer deciding Defendants' motion because, "[i]n *Curtis*, the Minnesota Supreme Court will soon issue a decision on the proper application of the public benefit doctrine—both as to the time of application (as pleading issue or in the context of an application for attorneys' fees) and whether injunctive relief

13

is a necessary component of a claim." (Opp'n at 26.) This argument should be rejected

for the following reasons.

### A.     The Public Benefit Requirement Is A Substantive Element That Must Be Met To State A Claim Under The Private AG Statute

Plaintiffs assert that it is an open question whether the public benefit requirement

is a substantive element of a claim under the Private AG Statute or whether the

requirement is reviewed only in the context of an application for attorney's fees. (Opp'n

at 2, 10, 26.) In fact, it is settled law that the public benefit requirement must be met in

order to state a claim under the Private AG Statute.

In *Ly*, the Minnesota Supreme Court noted:

> We find further support for our holding that public interest
> must be demonstrated to *state a claim* under the Private AG
> Statute based on our conclusion that the legislature could not
> have intended to sweep every private dispute based on fraud . .
> . into a statute where attorney fees and additional costs and
> expenses would be awarded . . . .   [W]e hold that the Private
> AG Statute applies only to those claimants who demonstrate
> that their *cause of action* benefits the public.

615 N.W.2d at 314 (emphasis added).

Two years later, in *Anderson-Johanningmeier v. Mid-Minnesota Women's Center,*

*Inc.*, 637 N.W.2d 270 (Minn. 2002), the Minnesota Supreme Court reiterated:

> In *Ly*, . . . . [w]e held that the private AG statute applies only
> to those claimants who demonstrate that their cause of action
> benefits the public. *Ly*, 615 N.W.2d at 314.  *Our holding,*
> *therefore, limited the scope of the private AG statute from*
> *"any person" injured by a violation of certain laws to those*
> *"who demonstrate that their cause of action benefits the*
> *public*." *Ly*, 615 N.W.2d at 314.

14

*Id*. at 276-77 (emphasis added).[6]

Because a showing of public benefit is required to state a claim under the Private

AG Statute, that requirement must be met at all stages of the litigation.  *See Buetow*, 650

F.3d at 1187 (remanding for assessment of Plaintiffs' individual damages claims in view

of *Ly* public benefit requirement); *Swift & Co. v. Elias Farms, Inc.*, 539 F.3d 849, 855-57

(8th Cir. 2008) (affirming grant of summary judgment as to MCFA counterclaim based

on absence of public benefit); *Wehner*, 2008 WL 495525, at *1, *3-*4 (granting summary

judgment as to MCFA and MUTPA claims based on absence of public benefit); *Select

Comfort*, 2011 WL 2457919, at *3-*4 (granting motion to dismiss MCFA and MUTPA

claims based on absence of public benefit); *see also* Defs.' Br. at 7 (citing cases).

Finally, Plaintiffs contend that:  "[a]lthough federal district courts have applied the

public benefit test as a substantive element of a plaintiff's claim, the Minnesota appellate

courts – both the Court of Appeal and the Supreme Court – have not done so."  (Opp'n at

2; *see id*. at 27.)  This contention is simply wrong.  *See Lawrence*, 2009 WL 4796754, at

*5 ("Determination of whether appellants' lawsuit benefited the public . . . [is] required

for standing under the private-attorney-general statute as outlined in *Ly* . . . .");

*Ensminger v. Timberland Mortg. Servs., Inc.*, No. A09-1213, 2010 WL 1541360, at *4-

*5 (Minn. Ct. App. Apr. 20, 2010) (unpublished) (affirming trial court's grant of

---

[6]  Courts have expressly rejected the assertion that the public benefit requirement
relates only to the entitlement to attorney's fees under the Private AG Statute.  *See In re
Nat'l Arbitration Forum*, 704 F. Supp. 2d at 839; *Evangelical Lutheran Church in Am.
Bd. of Pensions v. Spherion Pac. Workforce LLC*, Civ. No. 04-4791, 2005 WL 1041487,
at *4 (D. Minn. May 4, 2005) (Montgomery, J.).

15

summary judgment as to MCFA claim based on absence of public benefit); *Roers v. Pierce*, No. A08-0391, 2009 WL 67061, at *4-*5 (Minn. Ct. App. Jan. 13, 2009) (unpublished) (same); *Weigand v. Walser Auto. Group, Inc.*, No. A05-1911, 2006 WL 1529511, at *2-*4 (Minn. Ct. App. June 6, 2006) (unpublished) (same); *Scally*, 2003 WL 22039526, at *3, *6-*7 (same).

Thus, state and federal appellate and trial courts uniformly recognize that the public benefit requirement is a substantive requirement that must be satisfied to bring and maintain an action under the Private AG Statute.

**B.   *Curtis* Is Distinguishable**

Plaintiffs contend that an issue in *Curtis* is "whether injunctive relief is a necessary component of a claim."  (Opp'n at 26.)  However, as explained in Defendants' opening brief (at 16), the plaintiffs in *Curtis* are maintaining that, even in the absence of injunctive relief, they satisfy the public benefit requirement because they seek to benefit a certified class of plaintiffs, and because they seek equitable relief in the form of restitution from Philip Morris.  Thus, even if plaintiffs in *Curtis* prevail, *Curtis* will be distinguishable because neither of those rationales is available to Plaintiffs here.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss should be granted.

Dated:  November 4, 2011                    Respectfully submitted,

s/ Naikang Tsao
Naikang Tsao (admitted *pro hac vice*)
Theresa A. Andre (admitted *pro hac vice*)
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI  53701
Telephone:  (608) 258-4250
Facsimile:  (608) 258-4258
ntsao@foley.com

John D. Sear (#222252)
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN  55402
Telephone:  (612) 339-8682
Facsimile:  (612) 672-3200
john.sear@bowmanandbrooke.com

**Attorneys for Defendants A.L.S.
Enterprises, Inc. and Gander Mountain
Company**

s/ James K. Langdon
James K. Langdon (#171931)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-8800
langdon.jim@dorsey.com

17

Michael C. Mahoney (#066618)
MAHONEY ANDERSON LLC
125 Lake Street W., Suite 201
Wayzata, MN 55391
Telephone:  (612) 332-2226
mcmahoney@mahoneyanderson.com

**Attorneys for Defendants Cabela's Incorporated and Cabela's Wholesale, Inc.**

18